## COMMISSIONERS' COURT OF NACOGDOCHES COUNTY v. WEAVER.

### No. 3657.

Court of Civil Appeals of Texas. Beaumont.
May 17, 1940.

Rehearing Denied June 19, 1940.

Adams & McAlister, of Nacogdoches, for appellant.

Seale & Thompson, of Nacogdoches, for appellee.

WALKER, Chief Justice.

On the 15th day of April, 1939, Hon. C. E. Brazil, judge of the district court of Nacogdoches county, made the following order:

"The State of Texas,

"County of Nacogdoches

"The District Court of Nacogdoches County, Texas, March Term, A. D. 1939.

"On this the 15th day of April, A. D. 1939, came on for consideration the re-appointment of a county auditor for Nacogdoches County, Texas, because of the expiration of the term of the present incumbent on April 16, 1939, The Court after due and careful consideration finds there is a public necessity in the dispatch of the county's business for a County Auditor for Nacogdoches County, and further finds that the present county auditor, C. E. Weaver, of Nacogdoches County, Texas, has satisfactorily performed the duties of said office during his present term, and that he possesses the qualifications as required by law; therefore the Court reappoints the said C. E. Weaver as County Auditor for Nacogdoches County, for a term of two years, beginning on April 16th, 1939. It is further ordered that the salary of the said C. E. Weaver as county auditor be paid from the general fund of said County, at the rate of not less than $125.00 per million assessed valuation or major fraction thereof, per year as provided by statute.

"Said appointment effective April 16, 1939.

"C. E. Brazil,

"Judge of the District Court, Nacogdoches County, Texas.

"Filed: April 18th, 1939."

This order was made by Judge Brazil after the Commissioners' Court, on the 14th day of April, 1939, had made and entered on its minutes, and had certified to him, the following order:

"April (Special) Session A. D. 1939 (April 14th, 1939)

"Whereas the office of County Auditor expires April 15th, 1939. Therefore, the necessity of creating the office came up for discussion and consideration, and the following action was taken by the Commissioners' Court:

"G. B. Whitaker made a motion that the office of County Auditor be discontinued. The motion was seconded by J. G. Williamson.

"G. B. Whitaker and J. G. Williamson voted 'Yes.'

"M. D. Coats and Orange Lowery voted 'No.'

"Jack Varner, County Judge, voted 'Yes.'

"It is therefore the order and judgment of the Commissioners' Court that no public necessity exists at this time in the dispatch of the County business and that said office terminate April 15th 1939.

"The County Clerk is instructed to furnish the District Judge. C. E. Brazil, with a certified copy of these proceedings.

"Minutes of Commissioners' Court, Book L, folio 947."

At the May term, 1939, the Commissioners' Court of Nacogdoches county made and entered the following order:

"May (Special) Term A. D. 1939 (May 17th, 1939)

"Motion made by G. B. Whitaker that the salary of C. E. Weaver, not be paid after April 15th, 1939, as the office of County Auditor has been discontinued. The motion was seconded by John G. Williamson. Coats and Lowery voted against the motion—tie broken in favor of motion by County Judge, Jack Varner. The County Clerk and County Treasurer instructed not to sign C. E. Weaver's salary check.

"Minutes of Commissioners Court, Book L, folio 498."

On the 12th day of October, 1939, appellee, C. E. Weaver, as relator, filed in the district court of Nacogdoches county his petition against appellants, "the Commissioners' Court of Nacogdoches County, Texas and the constituent members thereof, both in their official capacity and as individuals, which members of said Court Plaintiff alleges to be the following persons, to-wit: Jack Varner, County Judge, M. D. Coats, Commissioner of Precinct No. 1, G. B. Whitaker, Commissioner, Precinct No. 2, J. G. Williamson, Commissioner, Precinct No. 3, and Orange Lowery, Commissioner, Precinct No. 4, all of whom reside in Nacogdoches County, Texas," as respondents, praying that the district court "issue its most Gracious Writ of Mandamus, commanding the Commissioners' Court of Nacogdoches County, Texas and the individual members thereof to-wit: Jack

Varner, County Judge, M. D. Coats, Commissioner of Precinct No. 1, G. B. Whitaker, Commissioner of Precinct No. 2, J. G. Williamson, Commissioner of Precinct No. 3 and Orange Lowery Commissioner of Precinct No. 4, to record in its Minutes the Order of Judge C. E. Brazil, District Judge of Nacogdoches County, Texas, made on April 15, 1939, as herein before specifically set out, together with an order directing the payment of Auditor's salary, and for such other and further relief, general and special in law and equity to which he may show himself justly entitled and in duty bound will ever pray." Appellants answered by pleas to the jurisdiction, misjoinder, nonjoinder, in abatement, general and special demurrers, general denial, etc. It is sufficient to say of the answer that it supports all assignments of error and propositions advanced by appellants. On trial to the court without a jury, judgment was entered on the 31st day of October, 1939, in favor of appellee against appellants for the relief prayed for, from which appellants have duly prosecuted their appeal to this court.

We give the following additional facts:

On the 10th day of April, 1935, the following petition was presented to Judge C. E. Brazil, judge of the district court of Nacogdoches county:

"Nacogdoches, Texas
"April 10th 1935
"To the Honorable Carmen Brazil
"Nacogdoches, Texas.

"Comes now the Commissioners Court of Nacogdoches County and asks your honor to appoint Mr. R. C. Tompkins County Auditor for Nacogdoches County. The Commissioners' Court would show that this office is made necessary by virtue of the fact that our records in this County need to be constantly reviewed and that the financial condition of the county will be protected by the services of said officer, and that our business has been made more complicated by the States participation in our road bonds and warrants, which an auditor would be able to keep.

"The Court therefore requests your honor to make the appointment of Mr. Tompkins at the Statutory salary of $125.00 for each million dollars valuation in the County.

"Clyde Shofner, County Judge.
"G. H. Stone, Commissioner Pre. #1.
"J. B. Wood, Commissioner Pre. #2.
"————— Commissioner Pre. #3.
"A. J. Waters, Commissioner Pre. #4."

This petition was not acted upon officially by the Commissioners' Court of Nacogdoches county. In fact, it was never presented to the Commissioners' Court, but was presented to Judge Brazil simply in the form of a letter, signed by the county judge and three of the commissioners. The petition was never recorded in the minutes of the Commissioners' Court. On the 16th day of April, 1935, Judge Brazil entered the following order on this petition:

"Nacogdoches, Texas.

"On this 16th day of April 1935 came on to be heard a petition of the Commissioners Court of Nacogdoches County asking for the appointment of R. C. Tompkins as County Auditor for Nacogdoches County and it appearing to the Court that Mr. Tompkins is an accountant with several years experience as required by the Statutes and that there exists a necessity for said auditor, the Court hereby appoints the said R. C. Tompkins as County Auditor for Nacogdoches County.

"C. E. Brazil,
"District Judge 2nd Judicial District."

This order of Judge Brazil's was not recorded in the minutes of the district court, nor of the Commissioners' Court, and no official action was taken on the petition and order, except as indicated by this statement. Mr. Tompkins qualified under his appointment, served two years, and his salary was regularly paid by Nacogdoches county.

The following order was passed at the April term, 1937, of the Commissioners' Court:

"It was unanimously voted by the Commissioners' Court on this the 13th day of April 1937, in regular session, to petition the Honorable District Judge of this County to appoint a County Auditor of Nacogdoches County, Texas, said appointment to be effective April 16th, 1937, the date on which the present County Auditor's appointment expires; said appointment to be made for two years as provided by Articles 1645, 1646 and 1647, Revised Civil Statutes of Texas 1925, it being deemed by the Commissioners' Court that an auditor is a public necessity in the dispatch of the County business.

"Commissioners Court Minutes, Book L, folio 311."

This order was duly certified to Judge Brazil, and the request of the Commissioners' Court was granted by Judge Brazil as of the 20th day of April, 1937, by

appointing Mr. R. C. Tompkins auditor. Mr. Tompkins qualified in the manner required by law, and entered upon the discharge of his duties as such auditor, and continued in the discharge of his duties until the 1st day of January, 1938, when his resignation became effective. On the 25th day of November, 1937, Judge Brazil, as district judge of Nacogdoches county, appointed appellee, C. E. Weaver, county auditor of Nacogdoches county by the following order:

"November 30th (Called) Session 1937.
"State of Texas
"County of Nacogdoches

"On this 25th day of November, 1937, there came on for consideration the appointment of a county auditor of Nacogdoches County, Texas, to fill the unexpired term of R. C. Tompkins who resigned, effective January 1st, 1938, or earlier in event arrangements could be made with his successor to take over the duties of the office. The application of C. E. Weaver, of Nacogdoches, Texas, but at present of Marshall, Texas, being received along with other applications and it appearing to the Court that Mr. Weaver is an accountant and auditor of several years experience and other wise meets the qualifications set out by law, it further appearing to the Court that there is a necessity for said auditor, the Court hereby appoints the said C. E. Weaver, as County Auditor of Nacogdoches County, Texas, for the unexpired portion of a two year term which began April 16th, 1937 and it is hereby ordered that C. E. Weaver salary as county auditor be paid from the general fund of the county at the rate of not less than $125.00 per million assessed valuation per year as provided by statute. Said appointment to take effect January 1st, 1938, or at an earlier date if arrangements can be made by the appointee to take over the duties of the present incumbent.

"C. E. Brazil,
"District Judge 2nd Judicial District of Texas.

"Filed November 26th, 1937."

On this order, Mr. Weaver duly qualified as auditor, and entered upon the discharge of his duties as such.

On the trial, the parties agreed to the following facts:

(a) "By and between the parties herein, through their attorneys of record, that C. E. Weaver, the relator, has never made a specific demand of the Commissioners' Court to record in its minutes, the order of Judge C. E. Brazil, District Judge for the 2nd Judicial District of Texas, made on April 15th, A. D. 1939; and has never made any specific demand or request that the Commissioners' Court enter an order directing payment of his salary; but that he has on numerous occasions requested payment of his salary.

(b) "By and between the parties herein, through their respective attorneys of record, that Nacogdoches County, at the last preseding Federal Census—being for 1930—had 30,290 inhabitants; and that the tax renditions for 1938 was $11,968,-000.00. It is further agreed that C. E. Brazil, District Judge for the Second Judicial District of Texas, has jurisdiction over Nacogdoches County, and has had since 1935—April 15, 1935—and during all times pertinent to the issues involved in this case; and that Jack Varner is County Judge of Nacogdoches County, Texas, duly and legally elected, qualified and acting as such; that M. D. Coats is the duly elected, qualified and acting Commissioner for Precinct No. 1, of Nacogdoches County, Texas; that George Whitaker is the duly elected, qualified and acting Commissioner of Precinct No. 2, of Nacogdoches County, Texas; that J. G. Williamson is the duly elected, qualified and acting Commissioner for Precinct No. 3, of Nacogdoches County, Texas; and that Orange Lowery is the duly elected, qualified and acting Commissioner for Precinct No. 4, of Nacogdoches County, Texas."

Opinion.

The issues in this case are controlled by Articles 1645, 1646, and 1647, Vernon's Ann.Civ.St. Article 1645 provides for county auditors in all counties with a population of 35,000, or over, according to the preceding Federal census, or with a tax valuation of fifteen million dollars, or over, according to the last approved tax rolls, and fixes the salary of the auditor. We quote as follows from Article 1646: "When the Commissioners' Court of a county, not mentioned and enumerated in the preceding Article shall determine that an auditor is a public necessity in the dispatch of the county business, and shall enter an order upon the Minutes of said Court fully setting out the reasons and necessity of an auditor, and shall cause said order to be certified to the District

Judges having jurisdiction in the county, said Judges shall, if such reason be considered good and sufficient, appoint a County Auditor, as provided in the succeeding Article, who shall qualify and perform all the duties required of County Auditors by the Laws of this State, provided, said Judge shall have the power to discontinue the office of such County Auditor at any time after the expiration of one year when it is clearly shown that such auditor is not a public necessity and his services are not commensurate with his salary received."

Under the agreement of the parties, given above, Nacogdoches county falls within the quoted provisions of Article 1646. Article 1647 provides the manner of appointment of county auditors, and further: "The action shall then be recorded in the minutes of the district court of the county and the clerk thereof shall certify the same to the commissioners court, which shall cause the same to be recorded in its minutes together with an order directing the payment of the auditor's salary."

It is the theory of appellee's petition that, when a county auditor has been once appointed for a county of the classification of Nacogdoches county, the office of county auditor is created for that county and, having been once created, it can be abolished only by the district judge in the manner provided by Article 1646; that the Commissioners' Court, having once invoked the jurisdiction of the district judge to appoint a county auditor, has lost all further direction and control of the office, and has no power to discontinue it.

Appellant answers appellee's theory of the case by the following propositions: (a) The letter of the county judge and three of the commissioners to the district judge of April 10, 1935, did not invoke his power to appoint a county auditor. (b) The order of the Commissioners' Court, passed at the April term, 1937, was insufficient to invoke the power of the district court to appoint a county auditor in that it failed to comply with the following provisions of Article 1646, written in italics: "When the Commissioners' Court of a county, not mentioned and enumerated in the preceding Article shall determine that an auditor is a public necessity in the dispatch of the county business, *and shall enter an order upon the Minutes of said Court fully setting out the reasons and* *necessity of an auditor,* and shall cause said order to be certified to the District Judges having jurisdiction in the county, said Judges shall, if such reason be considered good and sufficient, appoint a County Auditor." (c) The request and order of the Commissioners' Court of April, 1937, upon which Judge Brazil acted on the 20th day of April, 1937, in appointing R. C. Tompkins county auditor, by its express language limited the appointment to two years; and since the Commissioners' Court had the power, by virtue of Article 1646, to ask the district judge to make the appointment, as a necessary implication it had the power to limit the appointment to be made on its request to two years. (d) The appointment made by the district judge under Article 1646 is, by Articles 1645, 1646, and 1647, limited to two years and, at the expiration of two years, the district judge can not renew the appointment except upon a new request made by the Commissioners' Court, in the manner provided by Article 1646. (e) The Commissioners' Court, by necessary implication under Article 1646, has the power to discontinue the office of county auditor at the end of two years, which it exercised.

■ The first point at issue is the construction of Article 1646, as it relates to counties of the classification of Nacogdoches county, on the power of the district judge to appoint a county auditor. This article provides that a district judge may make the appointment on the order of the Commissioners' Court, entered upon the minutes of the court and fully setting out the reasons and necessity of an auditor. The letter to Judge Brazil, dated the 10th of April, 1935, was not an order of the Commissioners' Court, was never acted upon by the Commissioners' Court, and never entered upon its minutes; it was nothing more than a personal letter from the county judge and three members of the court, in their personal capacity, asking him to appoint an auditor. We think it must be conceded that this letter did not confer jurisdiction—the power—upon Judge Brazil to make the appointment, and, therefore, the order, in connection with the order of appointment, did not create for Nacogdoches county the office of county auditor.

■ The second point in the construction of Article 1646 relates to the order of the Commissioners' Court, of date the 13th day of April, 1937, duly passed by the

court, entered upon its minutes, and certified to Judge Brazil in the manner provided by Article 1646. This order did not set out fully the reasons and necessity of an auditor—no reasons and necessity were certified. Clearly, this article means that the Commissioners' Court shall certify to the judge the *facts* which, in the judgment of the Commissioners' Court, require the appointment of an auditor; it was not sufficient that the Commissioners' Court merely declare that a *necessity* existed for the appointment of an auditor. It is our conclusion that this provision of Article 1646 was mandatory; that to invoke the jurisdiction —the power—of Judge Brazil to make the appointment, it was necessary that the order set out fully the reasons and necessity for the appointment. The power to appoint an auditor in counties of the classification of Nacogdoches county is limited strictly by the provisions of Article 1646. Ward v. Board of Levee Com'rs of Orleans Levee Dist., 152 La. 158, 92 So. 769. Where the statute is of limited application or creates a limited liability, conditioned upon the existence of certain facts, then "such limitations and conditions must be met by him who seeks to rely upon it." Wilhelm v. Hersh, Mo.App., 50 S.W.2d 735, 738. In this case appellee's cause of action—the validity of the order of date the 15th of April, 1939, appointing him auditor—rests upon the validity of the order of the Commissioners'. Court of date the 13th of April, 1937, asking Judge Brazil to make the appointment, for there was no subsequent order by the Commissioners' Court invoking Judge Brazil's power to appoint an auditor for Nacogdoches county. For the reason that the order of April 13, 1937, of the Commissioners' Court wholly failed to meet the requirements of Article 1646, it is our conclusion that it was void, and did not invoke the power of Judge Brazil to make the appointment. It is our further conclusion that the order of Judge Brazil of the 20th of April, 1937, appointing Mr. Tompkins auditor, was absolutely void. It follows on this conclusion that the order of the Commissioners' Court of the 13th of April, 1937, and the order of appointment of the 20th of April, 1937, did not create for Nacogdoches county the office of county auditor.

■ But, against this conclusion, the point is made that the attack upon the order made by appellants was collateral; that, since Judge Brazil recognized the

validity of the order and made the appointment, he thereby created for Nacogdoches county the office of county auditor. This proposition is denied. If we are correct in our conclusion that the order of the Commissioners' Court of the 13th of April, 1937, was void, then all proceedings on authority of that order were absolutely void. It would necessarily follow that the validity of appellee's appointment by the order of April 15, 1939, could be questioned anywhere and everywhere that the validity of his office—the office of county auditor—was in issue.

But the attack made by appellant on appellee's appointment as auditor of Nacogdoches county by the order of April 15, 1939, was not collateral, but direct. The statutes provide no appeal from the ruling of the district judge on the necessity for the appointment of an auditor, nor from his order making the appointment and directing the payment of the auditor's salary. His power to act, when that power has been legally invoked, is not subject to judicial review by way of appeal. It is our conclusion that Nacogdoches county resorted to every available remedy, short of litigation, to escape responsibility for appellee's salary; by the order of the Commissioners' Court of April 4, 1939, discontinuing the office and by the order of May 17, 1939, refusing to pay appellee's salary. We know of no other relief available to Nacogdoches county, except to defend this suit. As against these orders of the Commissioners' Court, appellee brought this suit, pleading the validity of his order of appointment of April 15, 1939. In answer to that petition, every defense was available to appellant, attacking the creation of the office of county auditor and the validity of appellee's appointment.

■■ Again, the order of appointment was not entitled to the presumptions indulged to support the judgment of a constitutional court in the exercise of its common law jurisdiction. In making the appointment, Judge Brazil was not acting as a judge; the duty was simply extrajudicial, which he chose to execute. Having acted extrajudicially, Article 1646 and the order of the Commissioners' Court passed on authority of that article constituted his commission to appoint appellee auditor, and no presumptions can be indulged in support of his commission. Of course, his order of appointment was the exercise of a quasi-judicial function. Had the order of the

Commissioners' Court complied with Article 1646, thereby vesting Judge Brazil with the power to make the appointment, we could not inquire into the quantum of proof heard by him in support of his conclusion that "a good and sufficient reason existed for the appointment." Authorities cited by Mr. Associate Justice Combs of this court in his opinion on rehearing in Kirby Lumber Co. v. Adams, 62 S.W.2d 366, 369.

In support of his judgment, appellee cites an opinion by the attorney general, dated May 5, 1939, which, in its conclusions, supports his construction of Article 1646, that the petition of the Commissioners' Court and Judge Brazil's order of appointment on the petition created for Nacogdoches county the office of county auditor. We do not quote this opinion because it is not in point on the facts of this case, as shown by the following fact presumptions upon which it was rendered: "We presume that at the time an Auditor was originally appointed in Nacogdoches County, the Commissioners' Court entered an Order upon the Minutes of said Court, fully setting out the reasons and necessity for an Auditor, and caused the order to be certified to the District Judge of your county, and that he considered the reasons stated in the Court's Order to be good and sufficient and did appoint a County Auditor for a term of two years, and that such appointee qualified as provided in Article 1649, Revised Civil Statutes, 1925, by taking the oath of office and making the bond provided for in that Article." Thus, the attorney general, in rendering his opinion, certifies that he presumed that the auditor was appointed upon order of the Commissioners' Court "fully setting out the reasons and necessity for an Auditor," while, in fact, this order set out no reasons and necessity for the appointment of the auditor.

It follows that the judgment of the lower court, granting appellee the relief prayed for in his petition, must be reversed and judgment here rendered in favor of appellants that they go hence without day and recover their costs.

Reversed and rendered.

COMBS, Justice.

I concur in the judgment, not on the grounds stated in the opinion, but on the grounds stated in appellants' proposition (e) to the effect that the Commissioners' Court had the right to discontinue the office of county auditor at the end of the auditor's term of office, which right it duly exercised by its order of April 14, 1939. I see no need of the holding that the appointment was void as held by the majority —which holding I cannot subscribe to.

### On Rehearing.

WALKER, Chief Justice.

After handing down our original opinion in this case, we requested the Attorney General, on rehearing, to file an amicus curiae brief on the controlling issues. We made this request because, in our judgment, the construction of Article 1646, R.C.S., Vernon's Ann.Civ.St. art. 1646, is a matter of great public concern.

The Attorney General has most graciously filed his brief in response to our request, from which we quote:

"Comes now Gerald C. Mann, Attorney General of Texas, and with leave of court so to do, files this his amicus curiae brief herein in reply to appellee's motion for a rehearing filed in this cause on May 17, 1940, and by way of argument, respectfully submits:

### "Proposition

"Appellee's motion for rehearing should be denied because the judgment of this court heretofore entered, reversing and rendering the judgment of the honorable trial court, under the law and the undisputed facts, is the only judgment that could be properly rendered herein. * * *

"Now, the only way in which the District Judge's jurisdiction can be invoked with respect to the appointment of an auditor is in the manner pointed out in Article 1646 of the statutes. That manner consists of three essentials, (a) the determination by the Commissioners' Court that an auditor is a public necessity in the dispatch of the county's business; (b) the entry of an order fully setting out the reasons and necessity of an auditor; and, (c) presentation of a certified copy of such order of the Commissioners' Court. Upon the presentation of a showing of these statutory elements of jurisdiction—and not until then—the District Judge has power to consider and determine the matter of an appointment of an auditor, and to appoint such auditor if the reason presented in the order of the Commissioners' Court be deemed by him to be good and sufficient. The situation is exactly analogous to the presentation of a petition to the District Court to invoke the jurisdiction of the

court. It is an indispensable condition precedent to the exercise of jurisdiction.

"This indispensable condition to the invocation of the District Judge's jurisdiction is entirely wanting in the present case.

"The communication from the County Judge and three of the County Commissioners of April 10, 1935, possesses none of the requirements of the statute as a predicate to invoke the District Judge's jurisdiction. It is fatally insufficient in the following respects: (a) It is not a determination by the Commissioners' *Court* of the necessity for the appointment of an auditor; (b) If the same were a court order instead of the private communication of members of the Commissioners' Court, it is not a matter of record upon the minutes of the Commissioners' Court; (c) It does not set out any reason whatsoever showing the necessity for the appointment of an auditor; and (d) It is not a certified copy of an order of the Commissioners' Court.

"The reasons, if reasons for a legislative act are necessary, are obvious why the action must be initiated by the Commissioners' Court as a constitutional and statutory governing body of the county, and why the minutes of that court should reflect the appropriate action of that body, and why such proceedings should be certified to the District Judge as authority (jurisdictional and factual) to invoke the jurisdiction to make the appointment of an auditor.

"The District Judge is authorized (empowered) to act only upon the application of the county containing the elements hereinabove mentioned. He has no other fact or facts from which to determine the necessity of the appointment of an auditor. For him to make an appointment upon such showing as that of 1935 would be purely arbitrary and without the essential prerequisite of hearing evidence of probative value upon which to base his action.

"The resolution of the Commissioners' Court of date April 13, 1937, to petition the District Judge to appoint a County Auditor for the term effective April 16, 1937, does contain the finding by the Commissioners' Court 'that an auditor is a public necessity in the dispatch of the county business.' This is not enough. It is only a partial compliance with the statute. It is not a substantial compliance. It does not contain the essential finding of a reason or reasons or fact or facts which would show or tend to show to the District Court the necessity thought by the Commissioners' Court to exist for the appointment of an auditor.

"It will be seen Article 1646 requires the Commissioners' Court order duly entered determining 'that an auditor is a public necessity in the dispatch of the county's business', but it is further seen that this requirement is immediately followed by the further requirement 'and shall enter an order upon the minutes of said court fully setting out the *reasons* and necessity for an order.' This latter requirement is the one indispensable requirement to present to the District Judge a jurisdictional basis for his action. Without it he has nothing before him from which he can determine the necessity for the appointment. If the mere fact-conclusion of the Commissioners' Court as to the necessity for appointment is all the statute requires, then the action of such court would be final and binding, for such conclusion could not be reviewed by the District Judge in the absence of the evidence upon which the Commissioners' Court acted.

"The statute clearly contemplates that the judge in determining upon the necessity and advisability of an auditor determines upon 'such reasons' as are set forth by the Commissioners' Court in its resolution. If no reason is set forth in such resolution, then the judge has no basis whatever for his action, and the same is arbitrary and void. * * *

"Wherefore, it is respectfully submitted that appellee's motion should be overruled.

"Respectfully submitted.
  "Gerald C. Mann
      "Attorney General of Texas
  "Geo. W. Barcus
"(Signed)  Ocie Speer,
      "Ocie Speer,
        "Assistant Attorneys General."

Appellee's motion for rehearing is in all things overruled.