C. E. WEAVER V. COMMISSIONERS COURT OF NACOGDOCHES COUNTY.

No. 7778. Decided January 8, 1941.
(146 S. W., 2d Series, 170.)

*Seale & Thompson,* of Nacogdoches, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that the order of the commissioners court failed to meet the requirements of the statute and therefore was void, and that such order did not invoke the power of the district judge to make the appointment, and that the order of the district judge appointing plaintiff's predecessor was void, as was also the order appointing plaintiff. Earnest v. Woodlee, 208 S. W. 963; Cochran County v. West Audit Company, 10 S. W. (2d) 229; Schiller v. Duncan, 21 S. W. (2d) 571.

*S. M. Adams* and *R. A. McAllister,* of Nacogdoches, for defendant in error.

*Gerald C. Mann,* Attorney General, *Geo. W. Barcus* and *Ocie Speer,* Assistants Attorney General, filed briefs as amici curiae.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted in the District Court of Nacogdoches County by plaintiff in error, C. E. Weaver, against defendants in error, the Commissioners Court of Nacogdoches County and with the constituent members thereof in their official capacities. The parties will be designated plaintiff and defendants. Plaintiff in his petition sought a writ of mandamus to compel defendants to record in the minutes of the commissioners court of said county, as provided by Article 1647 of the Revised Statutes, a duly certified copy of an order made April 15, 1939, by Hon. C. E. Brazil, District Judge of Nacogdoches County, which order is as follows:

"THE STATE OF TEXAS,    ) The District Court of Nacogdoches County,
COUNTY OF NACOGDOCHES. ) Texas, March Term, A. D. 1939.

"On this the 15th day of April, A. D. 1939, came on for consideration the reappointment of a county auditor for Nacogdoches County, Texas, because of the expiration of the term of the present incumbent on April 16, 1939, The Court after due and careful consideration finds there is a public necessity in the dispatch of the county's business for a County Auditor for Nacogdoches County, and further finds that the present county auditor, C. E. Weaver, of Nacogdoches County, Texas, has satisfactorily performed the duties of said office during his present term, and that he possesses the qualifications as required by law; therefore the Court reappoints the said C. E. Weaver as County Auditor for Nacogdoches County, for a term of two years, beginning on April 16th, 1939. It is further ordered that the salary of the said C. E. Weaver as county auditor be paid from the general fund of said County, at the rate of not less than $125.00 per million assessed valuation or major fraction thereof, per year as provided by statute.

"Said appointment effective April 16, 1939.

"C. E. Brazil, Judge of the District
Court, Nacogdoches County, Texas."

In the district court plaintiff was granted the relief prayed for. This judgment was by the Court of Civil Appeals reversed, and judgment rendered in favor of the defendants. 141 S. W. (2d) 764. On account of the fact that a public question was involved, the case was advanced for hearing in this Court.

We have before us for decision two dominant questions:

First. Was there any legally sufficient action on the part of the Commissioners Court of Nacogdoches County and the

presiding judge of the district court of that county prior to April 15, 1939, to constitute a legal appointment to the office of County Auditor of Nacogdoches County?

Second. If there was a legal appointment to said office of county auditor, was new action on the part of the commissioners court, such as is required by Article 1646 of the Revised Statutes of 1925, necessary to continue said office in said county after termination of each biennial appointment?

It is admitted that in 1935, 1937 and 1939 Nacogdoches County was not entitled to an auditor, except when appointment to said office was made as provided for in Article 1646 and 1647. The pertinent statutes are as follows:

Art. 1645. "In any county having a population of thirty-five thousand inhabitants, or over, according to the preceding Federal census, or having a tax valuation of fifteen million dollars or over, according to the last approved tax rolls, there shall be biennially appointed an auditor of accounts and finances, the title of said officer to be county auditor, who shall hold his office for two years, and who shall receive as compensation for his services one hundred and twenty-five dollars for each million dollars, or major portion thereof, of the assessed valuation, the annual salary to be computed from the last approved tax rolls, said annual salary from county funds shall not exceed thirty-six hundred dollars, to be paid monthly out of the general funds of the county upon an order of the commissioners court."

Art. 1646. "When the commissioners court of a county, not mentioned and enumerated in the preceding article shall determine that an auditor is a public necessity in the dispatch of the county business and shall enter an order upon the minutes of said court fully setting out the reasons and necessity of an auditor, and shall cause said order to be certified to the district judges having jurisdiction in the county, said judges shall, if such reason be considered good and sufficient, appoint a county auditor, as provided in the succeeding article, who shall qualify and perform all the duties required of county auditors by the laws of this State; provided said judge shall have the power to discontinue the office of such county auditor at any time after the expiration of one year when it is clearly shown that such auditor is not a public necessity and his services are not commensurate with his salary received."

Art. 1647. "The district judges having jurisdiction in the county, shall appoint the county auditor at a special meeting

held for that purpose, a majority ruling; * * * The action shall then be recorded in the minutes of the district court of the county and the clerk thereof shall certify the same to the commissioners court, which shall cause the same to be recorded in its minutes together with an order directing the payment of the auditor's salary."

Prior to April 16, 1935, the following "petition" was furnished to Judge C. E. Brazil, the presiding judge of the district court of Nacogdoches County:

Nacogdoches, Texas<br>April 10th, 1935.

"To the Honorable Carmen Brazil
    Nacogdoches, Texas.

"Comes now the Commissioners Court of Nacogdoches County and asks your honor to appoint Mr. R. C. Tompkins County Auditor for Nacogdoches County, The Commissioners Court would show that this office is made necessary by virtue of the fact that our records in this County need to be constantly reviewed and that the financial condition of the county will be protected by the services of said officer, and that our business has been made more complicated by the States participation in our road bonds and warrants, which an auditor would be able to keep.

"The Court therefore requests your honor to make the appointment of Mr. Tompkins at the Statutory salary of $125.00 for each million dollars valuation in the County.

"Clyde Shofner, County Judge.<br>G. H. Stone, Commissioner Pre. No. 1.<br>J. B. Wood, Commissioner Pre. No. 2.<br>Commissioner Pre. No. 3.<br>A. J. Waters, Commissioner Pre. No. 4.

The contention is made (and same was upheld by the Court of Civil Appeals) that this instrument does not constitute an "order" such as is contemplated by Article 1646 set out above. The principal reasons for this contention are, first, that it purports to be the act of the county judge and the commissioners personally, and, second, that it is not entered upon the minutes of the commissioners court. While there was no parol proof showing expressly that this was the official act of the court, yet there was none showing that it was not, and we think the circumstances were such as to warrant a finding that it represented the official act of the commissioners court, and not of its members individually. Aside from being signed by the county judge and individual commissioners, it purports

on its face to be strictly the action of the commissioners court as such. On April 16, 1935, Judge Brazil made the following order:

"Nacogdoches, Texas.

"On this 16th day of April 1935 came on to be heard a petition of the Commissioners Court of Nacogdoches County asking for the appointment of R. C. Tompkins as County Auditor for Nacogdoches County and it appearing to the Court that Mr. Tompkins is an accountant with several years experience as required by the Statutes and that there exists a necessity for said auditor, the Court hereby appoints the said R. C. Tompkins as County Auditor for Nacogdoches County.

"C. E. Brazil,

District Judge 2nd Judicial District."

The original paper of April 10, 1935, bearing the signatures of the county judge and the commissioners, with the original order signed by Judge Brazil, were found by the County Clerk in a "file for officers' reports and miscellaneous papers." It was contained in a jacket for April, 1935. The clerk was asked concerning this file the following: "Was that a file that revealed April, 1935, papers concerning the commissioners court?" To which question he answered, "Yes sir."

In addition, the commissioners court actually entered on its minutes the following order:

"On this the 18th day of April A. D. 1935, Court met in special session for the purpose of approving the official bond of R. C. Tompkins, who was on the 16th day of April, 1935, duly appointed county auditor of Nacogdoches County, by C. E. Brazil, District Judge, who acted upon an application presented to him by the County Commissioners, asking the Hon. C. E. Brazil to appoint Mr. Tompkins, County Auditor. Said bond above mentioned is this day approved by the Court."

Mr. Tompkins thereafter served as auditor of Nacogdoches County two years, and was regularly paid his salary under orders of the court. We therefore think it conclusively appears that the commissioners court itself recognized and acknowledged that the petition of April 10, 1935, constituted its official act. Being its official act the same undoubtedly met the requirements of Article 1646, and is to be regarded as such an "order" as is contemplated by that article. It is a familiar rule that orders of the commissioners court, at least as to form, are to be liberally construed.

■■ It is well settled that an order of the commissioners court actually passed is not void because not entered upon the minutes

of the court, and the fact that it was made can be shown by parol evidence. Mecom v. Ford, 113 Texas 109, 252 S. W. 491. See also Whitaker v. Dillard, 81 Texas 359, 16 S. W. 1084. If the action of the court can be proven by parol evidence, certainly it can be proven by circumstances. We think it appears with certainty that the petition of April 10, 1935, was the formal action of the court, and the act of the judge and commissioners in affixing their signatures to same conclusively shows that it was passed by the court.

It is our conclusion, therefore, that an appointment to the office of auditor of Nacogdoches County was legally made in 1935.

Again in 1937 the commissioners court entered an order requesting appointment of Mr. Tompkins as auditor. Acting upon this order the district judge appointed Mr. Tompkins for another two years. The commissioners court approved his bond and ordered payment of his salary. He served until November 25, 1937, when he resigned, and plaintiff C. E. Weaver was appointed by Judge Brazil to fill out the unexpired term. He filed his official bond, which was approved by the commissioners court, took the oath of office, and was paid his salary until April 15, 1939. On April 15, 1939, Judge Brazil entered the order hereinabove set out and certified same to the commissioners court for entry upon its minutes. On the same day the commissioners court entered an order declaring that no necessity existed for an auditor and attempted to discontinue said office. On May 17, 1939, the court passed another order to the effect that the salary of plaintiff be not paid, "as the office of county auditor had been discontinued."

The Court of Civil Appeals held that the order of the commissioners court made in 1937 was insufficient to confer on the district judge the power of appointment, and consequently the appointment made that year was void. We do not agree with this holding. We think the appointment was valid. However, it is unnecessary to discuss this order in detail. The fact remains that if new action of the commissioners court at the end of each two-year appointment is required in order to make another valid appointment, then plaintiff is without relief, as admittedly there was no action of the commissioners court to authorize an appointment in 1939. This brings us to the second question, which appears to be the main source of contention between the parties. It is clearly set forth in the following excerpt from the defendant's brief:

"It is almost impossible to brief this case without frankly stating to this Honorable Court that the matter constitutes primarily an argument between the Commissioners Court of Nacogdoches County and the District Judge of the 2nd Judicial District over the auditor's office, the Court contending that at the expiration of every two years the office of auditor ceased to exist, and that it had to be recreated, and that before the judge could do anything about appointing an auditor, the jurisdiction of his office had to be, invoked by certificate from the Commissioners Court certifying that a necessity continued to exist for the appointment of an auditor. Judge Brazil, on the other hand, contended that he alone had authority to do whatever he pleased about the auditor's office."

■ The legislature has undoubtedly created the office of county auditor. The creation of an office is peculiarly a legislative matter. The office exists for Nacogdoches County the same as for counties mentioned in Article 1645. In our opinion, the error in defendant's position results from the idea that the commissioners court "creates" the office in the manner provided by Article 1646, or brings it into operation. In our judgment, this article merely furnishes a method by which an appointment to the office is made. It will be noted that Article 1646 provides that if the commissioners court shall determine that an *auditor* is a public necessity, and shall do certain things, the district judge shall appoint an *auditor*. After such appointment is made, the appointee "shall qualify and perform all the duties required of county auditors by the laws of this State." The provision that the district judge may "discontinue the office of such county auditor" manifestly means that he may discontinue the services of such auditor. Clearly it is not meant that the district judge may abolish the office. It is obvious that the legislature designedly placed the appointing power in the district judge rather than in the commissioners court. Likewise the power to discontinue the services of the auditor was wisely placed with such judge rather than with the court. The office of auditor has the most intimate relation to the actions of the commissioners court and the commissioners themselves. It is of the highest public concern that such an officer be left entirely free from the control of these officers, even to the extent of a possible removal by the discontinuance of the duties of his office. In addition, it is of great public importance that a skilled and experienced officer of this kind, already familiar with the financial conditions of the county and its business, should not be subjected to the possible results of each biennial election.

It is our opinion that when the commissioners court once takes action which leads to the appointment of an auditor for a county, such as is referred to in Article 1646, such county, so far as the office is concerned, and the appointment of an incumbent thereof is concerned, becomes exactly like counties designated in Article 1645; subject to the power of the district judge alone to discontinue the services of such auditor in the manner as provided in Article 1646.

■ Complaint is made because the county is not a party to this suit. This action is against the county judge and county commissioners in their official capacities and as constituting the commissioners court. Article 1647 makes it the duty of the commissioners court to cause the certificate of the district judge to be recorded in its minutes, with an order directing the payment of the auditor's salary. This action seeks to have them perform that duty. Besides, the county clerk was asked this question: "If the commissioners court was now to permit you to enter the last order of Judge Brazil in 1939, appointing C. E. Weaver as County Auditor, and directing his salary to be paid, would you issue the vouchers for that salary?" To this he answered "Yes." It will thus be seen that the impediment to the collecting of his salary by plaintiff is the action of the commissioners court itself.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the district court is affirmed.

Opinion adopted by the Supreme Court January 8, 1941.