

# The Attorney General of Texas

June 9, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joe D. LeMay
Coleman County Attorney
Coleman, Texas 76834

Opinion No. MW-194

Re: Effect of article 1645 on the office of county auditor in a county with a tax valuation of under $35,000,000.

Dear Mr. LeMay:

You have asked whether a recent amendment to article 1645, V.T.C.S., automatically abolishes the office of county auditor in a county with a tax valuation of under $35,000,000.

Article 1645, V.T.C.S., which requires the appointment of county auditors in certain counties, now provides:

> In any county having a population of 35,000 inhabitants or over according to the last preceding Federal Census, or having a tax valuation of $35,000,000 or over according to the last approved tax rolls, there shall be appointed every two years an auditor of accounts and finances, the title of said office to be County Auditor, who shall hold his office for two years . . . .

Acts 1979, 66th Leg., ch. 395, at 870; see Attorney General Opinion H-571 (1975).

The 1979 amendment to article 1645 V.T.C.S., increased the tax valuation figure of the statute from $15,000,000 to $35,000,000. Coleman County has a population of under 35,000 inhabitants and a property valuation of more than $15,000,000 but less than $35,000,000. Prior to the effective date of the amendment it was required to appoint an auditor every two years. It is no longer subject to this requirement. The commissioners court has moreover voted to terminate the position of auditor.

In our opinion, the office of county auditor was not abolished as of the effective date of the statute. While the legislature would have been able to abolish the office in the middle of the auditor's term, we do not believe it intended to do so here. The statute is phrased in terms of the requirement to appoint an auditor. We believe the appropriate time to determine whether a county must comply with the statute is at the time of appointment. Thus, the incumbent may serve out his two year term. See Attorney General Opinion O-4903 (1942). At that time, article 1645, V.T.C.S., would no longer require Coleman County to have an auditor.

We note that Attorney General Opinion H-1065 (1977) gave a different interpretation to the following language of the statute creating the State Board of Morticians:

> No member shall be appointed to the Board who is an officer or employee of a corporation or other business entity controlling or operating, directly or indirectly, more than three funeral establish- ments, if another member of the Board is also an officer or employee of the same corporation or other business entity.

V.T.C.S. art. 4582b, § 2A(5). The opinion determined that the qualifications for appointment must continue to be present throughout the employee's tenure of office. When he no longer possessed those qualifications, he lost his right to serve. See also Attorney General Opinion H-578 (1975). However, this conclusion was based on the legislative policy that required representation of various interests on the Board. This policy is not present in article 1645, V.T.C.S., where only the requirement that the county have an auditor has changed, and not the auditor's qualifications to serve.

You also ask whether it is necessary for the commissioners court to take action under article 1646, V.T.C.S., to keep the office of county auditor in a county of under $35,000,000 tax valuation. Once the present auditor's term is completed or a vacancy otherwise occurs, the county would have to take action under article 1646, V.T.C.S., to keep the office of auditor. It must find such action to be of public necessity, and the district judges of the county must find the reasons set forth by the commissioners to be "good and sufficient." The district judges have the authority to make the appointment, fix the salary and discontinue the services of the county auditor if it is clearly shown that there is no public necessity. See Weaver v. Commissioners Court of Nacogdoches County, 146 S.W.2d 170 (Tex. 1941).

## S U M M A R Y

A recent amendment to article 1645, V.T.C.S., releasing some counties from the requirement that an auditor be appointed does not abolish the office until the term is up. After the term is over,

the county would have to take action under article 1646, V.T.C.S., to keep the office of auditor.

Very truly yours,

MARK  WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Walter Davis
Susan Garrison
Rick Gilpin
Bruce Youngblood