

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

Opinion No. JM-1249 has been withdrawn.


JIM MATTOX
ATTORNEY GENERAL

November 29, 1990

Honorable Becky B. McPherson      Opinion No. JM-1249
District Attorney
Floyd County      Re: Supervisory authority of
110th Judicial District      a district court over a com-
Floyd County Courthouse      missioners court with regard
Floydada, Texas   79235      to the transfer of funds
    from a county attorney to a
    district attorney (RQ-2068)

Dear Ms. McPherson:

You have requested our opinion about a dispute between your office and the district judge relating to your agreement with Floyd County to act as county attorney pro tem. For purposes of this opinion, we will discuss the law applicable to the facts as you have presented them.

In September 1989, the county attorney of Floyd County retired, and after a diligent search, the commissioners court was unable to find a qualified successor. You, as district attorney for a four-county district, then made a written proposal to the commissioners court that you would undertake misdemeanor prosecution responsibilities in exchange for a monthly payment of $1750.00 plus an additional amount of approximately $2165.00 per year to cover office supplies, travel, and liability insurance. You specifically agreed that no portion of this money would be used to supplement your salary, but it could be applied to the purchase of books and equipment, and to supplementation of staff salaries. The commissioners court, in executive session, adopted your proposal on October 23, 1989. Funds paid to your office by the commissioners court were placed with a Floydada bank in a segregated account in the name of "Becky McPherson, District Attorney, County Trust Account." Each misdemeanor case you handled was accompanied by an "order appointing special prosecutor," signed by the county judge, pursuant to article 2.07 of the Code of Criminal Procedure. You note that more than 100 such orders were issued between October 1989 and July 1990.

Subsequently, the Honorable David Cave, Judge of the 110th District Court, under date of June 28, 1990, issued an "order appointing a special auditor."[1]

The order reads, in part:

> This Court, pursuant to the powers vested in it by the laws of the State of Texas hereby appoints LOVE, HAYS & MUSICK 2514 82d. Street, Suite E, Lubbock, Texas 79423 to perform a complete audit of all such monies which were paid out of the Treasury of Floyd County, Texas to the said Beckie McPherson, including but not limited to the $1,750.00 per month which was paid over to her as hereinabove set out.

> All persons having access to or control over any and all records, books, receipts, bank statements or other financial documents of whatsoever kind or nature are hereby Ordered to provide and make available for audit, copying and inspection to the said auditor at the places and times designated by the said auditor.

> The Auditor shall make such audit and examination with all deliberate speed and shall make a full and complete report to this Court.

> If at any time during the performance of such duties the auditor may need access to or copies of any documents or things and may need Writs from this Court to procure any

---

1. Almost concurrently, two other incidents occurred: On June 18, 1990, the commissioners court entered a nunc pro tunc order ratifying its actions of the previous October and indicating, in writing, its agreement with your proposals; and under date of June 29, 1990, Mr. Larry Craddock, General Counsel for the Office of Comptroller, sent a letter to Judge Cave which indicated that after reviewing relevant documents, he was persuaded that you had not acted in any way to preclude receipt of your state salary as district attorney.

> document or thing then he is Hereby EMPOWERED
> AND DIRECTED to employ the services of George
> Thompson, Attorney at Law, Lubbock, Texas to
> file and prosecute such Writs or Petitions as
> the attorney may deem necessary and proper to
> effect and carry out the audit, the subject
> of this order.

On July 2, 1990, the special auditor made an in-person demand upon you for all financial records relating both to the disputed funds and to funds received from the state. You agreed to provide the former, but refused the latter on the ground that such funds were not subject to commissioners court supervision.

Also on July 2, 1990, Judge Cave issued a written order to the county clerk of Floyd County, instructing her to "turn over to . . . [the] District Clerk the tape recordings of the commissioners meeting held on October 23, 1990 for her to place in a safe deposit box for safe keeping." The judge also demanded an opportunity to listen to the tape recording.

You ask first about the propriety of the district judge's order appointing a special auditor.[2] Section 84.002 of the Local Government Code provides, in pertinent part:

> (b)   In a county with a population of less than 10,000:
>
> (1)   the district judges may appoint a county auditor if the judges determine that the county's financial circumstances warrant the appointment; and
>
> (2)   the district judges shall appoint a county auditor if:

---

2.   This office does not review judicial orders.  See Open Records Decision No. 415 (1984).  In this case, however, the judge is acting in an administrative capacity. Commissioner's Court of Nacogdoches v. Weaver, 141 S.W.2d 764 (Tex. Civ. App. - 1940), rev'd on the grounds, 146 S.W.2d 170 (Tex. 1941).

(A)    the commissioners court finds that a
county auditor is necessary to carry out
county business and enters an order in its
minutes stating the reason for this finding;

(B)    the order is certified to the
district judges; and

(C)    the district judges find the reason
stated by the commissioners court to be good
and sufficient.

Floyd County is a county with a population of less than
10,000.

Chapter 84 of the Local Government Code, when read as a
whole, makes clear that the only authority conferred on a
district judge with regard to the appointment of an auditor
is to appoint an individual to fill the position of regular
county auditor. Section 84.003 speaks of the selection of
"a person" as a county auditor; section 84.004 specifies a
"term of office" of two years; and section 84.006 describes
the minimum qualifications for the position in terms of "a
person." (Emphasis added.) Nothing in chapter 84 or
elsewhere gives any indication that the legislature contem-
plated the appointment by a district judge of an auditing
firm rather than an individual, nor that it contemplated the
appointment of an auditor for the specific and limited
purposes set out in Judge Cave's order of June 28, 1990.

Furthermore, section 115.031 of the Local Government
Code does provide for specific purpose audits by "a disin-
terested, competent and expert public accountant." See also
Local Gov't Code §§ 115.041 (independent audit in county
without office of county auditor), 115.042 (joint special
audits by counties of less than 25,000 population). Section
115.031, however, lodges the discretion to employ a specific
purpose auditor squarely in the commissioners court. The
district judge is not a part of this process.

Finally, it might be contended that the following
constitutional provision justifies the appointment under
consideration here:

The District Court shall have appellate
jurisdiction and general supervisory control
over the County Commissioners Court, with
such exceptions and under such regulations as
may be prescribed by law.

Tex. Const. art. V, § 8.

In Attorney General Opinion JM-708 (1987), we said that a district court may exercise "general supervisory control" over the actions of a commissioners court only when a lawsuit is brought in district court seeking review of the commissioners court's actions. The opinion noted that the courts have made clear that the legislature has not "established a procedure for invoking the general supervisory control of district courts over actions of commissioners courts." See Scott v. Graham, 292 S.W.2d 324, 328 (Tex. 1956); Atlantic Richfield Co. v. Liberty-Danville Fresh Water Supply Dist. No. 1, 506 S.W.2d 931 (Tex. Civ. App. - Tyler 1974, no writ); see also 1 G. Braden, The Constitution of the State of Texas: An Annotated and Comparative Analysis 415-16 (1977). We conclude that the district judge was without authority to appoint a special auditor in the circumstances you describe.

You also ask whether the county is liable for charges incurred by the county auditor. Since the appointment of the auditor was void, and the commissioners court had no part in his appointment, we know of no legal basis to assess any charges against the county for services performed by the auditor.

You next ask whether the action of the district judge in obtaining physical custody of the tape recordings of the commissioners court executive session violated the Open Meetings Act, article 6252-17, V.T.C.S. Section 2A of the statute provides, in part:

> (d)   In lieu of the requirements for maintaining a certified agenda as provided in Subsections (a), (b), and (c) of this section, a governmental body may make a tape recording of the proceedings which shall include an announcement made by the presiding officer at the beginning and end of the meeting indicating the date and time.
>
> (e)   The certified agenda or tape shall be available for in camera inspection by the judge of a district court if litigation has been initiated involving an alleged violation of this Act. The court upon entry of a final judgment may admit the certified agenda or tape into evidence in whole or in part . . . .

> (f)   The governmental body shall preserve
> the certified agenda or tape for at least two
> years after the date of the meeting.

Subsection (e) contemplates that a district judge may conduct an "in camera inspection" of the tape only "if litigation has been initiated involving an alleged violation of this Act." Under the circumstances you describe, no such litigation had been initiated at the time of the judge's order of July 2, 1990. The "governmental body" that is the subject of the tape is its proper custodian and is required to preserve it "for at least two years after the date of the meeting."

The statute further provides that

> (h)   No individual, corporation, or partner-
> ship shall, without lawful authority, know-
> ingly make public the certified agenda or
> tape recording of a meeting or that portion
> of a meeting that was closed under authority
> of this Act.

Thus, it appears both that the district judge exceeded his authority in taking possession of the tape and that the county clerk acted in violation of subsection (h) in releasing it to him. We note, however, that subsection (j) could provide an affirmative defense to the county clerk.

Your final question asks whether Judge Cave should recuse himself in future litigation over these matters. Since no litigation has been initiated, we decline to speculate about what possible course it might take, and in accordance therewith, about the propriety of recusal.

## S U M M A R Y

A district judge has no authority to appoint a "special auditor" to conduct a limited inquiry; his authority is limited to the appointment of a regular county auditor under the requisite statutory provisions, chapter 84 of the Local Government Code. A district judge also lacks the authority, absent pending litigation under the Open Meetings Act, article 6252-17, V.T.C.S., to order a county clerk to turn over possession

of a tape recording of an executive session
of a meeting of a commissioners court.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General