DENT KRAFT LABORATORIES CO., INC., A CORPORATION, PLAINTIFF-APPELLANT, v. DR. LOUIS J. FISCHBEIN, DEFENDANT-RESPONDENT.

Submitted October 1, 1940—Decided January 25, 1941.

Before Justices TRENCHARD, BODINE and PORTER.

For the plaintiff-appellant, *Edward Schwartz (Joseph Weintraub,* of counsel).

For the defendant-respondent, *Schotland, Harrison & Schotland (Philip J. Schotland,* of counsel).

The opinion of the court was delivered by

PORTER, J. The plaintiff in this suit conducts a dental laboratory. It furnished supplies and did work for the defendant, a practicing dentist. It sued for money claimed to be due and owing.

It appears that an unmatured note, made payable to the defendant, for $125 was turned over by him to the plaintiff on account of the indebtedness. Upon maturity the maker of the note defaulted in payment. The defendant claims to be entitled to credit for the note. He also claims to be entitled to credit for an item of $52.81 for a dental plate made for him by the plaintiff which he rejected as unsatisfactory.

The court below tried the case without a jury and found that the weight of the evidence favored the defendant both as to the acceptance of the note by the plaintiff in payment and also that credit should be given for the amount charged for the dental plate. The aggregate of these amounts being in excess of the amount claimed to be due judgment was entered for the defendant.

On this appeal from that judgment it is conceded by the plaintiff that a question of fact was raised by the testimony on the question of whether or not credit should be given for the amount charged for the dental plate and which is therefore not reviewable.

The only question remaining for consideration is whether there was a factual question presented by the testimony concerning the note.

It seems clear to us that there was. There were but two witnesses. The president of the plaintiff corporation and the defendant. The president said in effect that credit would be given only if and when it was paid. On the other hand the defendant said that the note was given and accepted in payment not only for the face of the note, $125, but for an additional sum of $6.25 allowed as a discount. That his account was actually credited with $131.25, for the note and discount, as shown by the bills sent him by the plaintiff and introduced in evidence.

There was testimony, therefore, which supports the findings of fact on the issue in dispute as to whether or not the parties intended that the note be given and accepted as payment on account of the indebtedness. Where there is conflicting evidence the same will not be reviewed in an appeal from a District Court where, as here, there is evidence to support the judgment. Typical of many cases to that effect is *Glickfeld* v. *Venokur,* 15 *N. J. Mis. R.* 522; *affirmed,* 119 *N. J. L.* 431.

The judgment is affirmed, with costs.