### DAVIS v. PETERS et al.
#### No. 2732.

Court of Civil Appeals of Texas. Eastland.

Oct. 21, 1949.

491

T. D. Cobbs, Jr., San Antonio, for appellant.

Spears & Brenan, San Antonio, for appellees.

COLLINGS, Justice.

This is an action for writ of mandamus which arose from a controversy concerning the construction and application of Article 6243f, Vernon's Ann.Civ.St., which deals with the subject of pensions for firemen, policemen and fire alarm operators in cities having a population of 200,000 to 293,000 inhabitants.

Appellees, who are four policemen of the City of San Antonio, sought by this suit to require appellant, C. Ray Davis, as City Treasurer of such City, to receive deductions from appellees' wages as city policemen for the benefit of the Pension Fund. The matter was brought before the court originally as two suits and then consolidated.

The trial was before the court without a jury and judgment was entered for a preemptory writ of mandamus against appellant Davis, but appellees' prayer for attorneys' fees was denied. On appeal, appellant complains of the action of the court in issuing the writ of mandamus and appellees complain of that portion of the judgment refusing attorneys' fees.

The substance of the material portions of Article 6243f is as follows: Section 1 of the Act provides for the creation of a Pension Board of seven members, which is charged with the duty of disbursing the Pension Fund set up under the Act, and designating the beneficiaries of the Fund. Section 2 provides that the Board "shall control and administer the Fund and shall order payments therefrom in pursuance of the provisions of this Act." After defining other powers, it is further provided that: "The Board shall have the complete authority and power to a administer all of the provisions of this Act and any implied powers under this Act."

Section 3 provides that: "Each fully paid Fireman, Policeman, and Fire Alarm Operator, in the employ of such City, who desires himself or his beneficiaries to participate in said Fund, shall file a written statement with the Board of his desire to participate in said Fund, and authorize said City to deduct not less than five per

cent (5%) nor more than ten per cent (10%) of his wages each month to form a part of the Fund known as The Firemen, Policemen, and Fire Alarm Operators' Fund."

Section 4 of the Act provides, in part, that: "There shall be deducted for such Fund from the wages of each Fireman, Policeman, and Fire Alarm Operator in the employment of such City, upon a vote of the majority of the members of the said Board of Trustees, not less than five per cent. (5%) nor more than ten per cent (10%) of the wages earned by such employee when he has filed application therefor."

Section 5 provides for the holding of regular monthly meetings of the Board; how the funds shall be disbursed; and how the records shall be kept.

Section 6 provides that: "The Treasurer of said City shall be Treasurer of said Fund. All money for said Fund shall be paid over to and received by the Treasurer for the use of said Fund, and the duties thus imposed upon such Treasurer shall be additional duties for which he shall be liable under his oath and bond as such City Treasurer, but he shall receive no compensation therefor."

Section 7 is as follows: "Any person who, at the establishment of said Fund or thereafter, shall have been duly appointed and enrolled in the Fire Department, Police Department, or Fire Alarm Operators' Department of any such city and who shall have signed an application for participation in said Fund and has allowed deductions from his salary under any former law and is in good standing; and those who have filed written application within forty–five (45) days after the organization of such Board, or who shall file his application within forty–five (45) days after becoming a member of such departments, having served the probationary period, if any, and who, shall have allowed such deductions from his salary; and any person heretofore duly appointed or enrolled in the Fire Department, Police Department, or Fire Alarm Operators' Department of any such City, who is not now a member of the Pension Fund, may file his application with the Board within forty-five (45) days after this Act becomes effective and apply for participation therein; but such applicant shall pass a physical examination of the same character that is required for original admission into the respective department in which he serves, and shall pay into such Fund a sum of money equal to the amount of salary deductions he would have paid had he joined immediately upon becoming eligible to participate in the benefits of said Fund; as well as the beneficiaries hereinafter named shall be entitled to participate in said Fund."

Appellees herein, Peters, Bichsel, Dobbs and Guerrero, contend that each is a duly appointed and enrolled member of the Police Department; that each is entitled to participate as a member of the Firemen, Policemen and Fire Alarm Operators' Pension Fund. Appellant Davis contends that Peters and Bichsel, though members of the Police Department, had not made application to participate in the Fund in the time prescribed by the Pension Law; and that Dobbs and Guerrero were not members of the Police Department and were not eligible to participate in the Fund; and that neither of the appellees had shown any right to a writ of mandamus.

Appellees Peters, Bichsel and Dobbs were originally employed by the City of San Antonio as policemen prior to April 22, 1941, when the Pension Law in question went into effect, and participated in the Pension plan as it existed under a prior law which is referred to as the "old pension law." When the present Pension Law went into effect, they immediately filed application for participation in the new Fund, and did participate in and contribute to such Fund for a period of several months thereafter, after which each of said three appellees voluntarily withdrew therefrom and ceased to participate in or contribute to such Pension Fund. Appellee Dobbs thereafter, in June of 1943, voluntarily ceased to be employed as a Policeman of the City until May 16, 1948.

Appellee Guerrero was first employed by the City of San Antonio as a Policeman on January 1, 1943, but did not at that time make application for admission into the Pension Fund. He was informed by the then Commissioner not to do so. He voluntarily left the Police Department in August of 1943, and except for a brief period of employment covering the month of January, 1945, was not again employed by the City until the time of his purported reinstatement to the Police Department on April 2, 1948. Almost immediately after such reinstatement, he applied for admission into the Pension Fund.

All four appellees herein have passed required physical examinations, have expressed a desire to participate in the fund and a willingness to have a five percent deduction from their wages contributed to the Fund. Each is of an age that he can serve a full 20 years before reaching the age of retirement provided in the Pension Act. All of the appellees have tendered to appellant as City Treasurer, amounts sufficient to equal wage deductions determined by the Pension Board to be due the Fund.

The Pension Board is composed of seven members. On July 2, 1948, the Board voted by a majority of three votes to two to accept appellees Guerrero and Dobbs into the Pension Fund. At a later meeting on July 28, 1948, the Board again brought up the cases of Guerrero and Dobbs for consideration and on this occasion, the vote was three for and three against their acceptance into the Fund.

On July 2, 1948, the Pension Board, with three members voting, voted two to one to reinstate Peters and Bichsel into the Pension Fund and again took the case under consideration on July 28th when six members were present and voted four to two to approve their reinstatement into the Fund.

■ Appellants contend in Point No. 1 that the case should be reversed because appellees Peters and Bichsel did not prove that each had applied for membership in the Fund within the time specified by law. The basis of this contention is that appel-

lees filed their applications for participation in the Fund in April and May of 1948, which was more than forty-five days after their original employment. We cannot agree with this contention. Peters and Bichsel had each filed applications in 1941 shortly after the Act became effective, and had thereafter participated in the Fund until they voluntarily withdrew therefrom. The question here presented is whether the Pension Board had the power to reinstate them under these circumstances. The statute in question does not expressly give or deny the Board such power. It does, however, give the Board power to administer all the provisions of the Act and "any implied powers [thereunder]." The purpose of the Act is to provide a pension plan for the type of city employee named. This purpose should not be defeated by a narrow and technical construction of the Act. On the contrary, a liberal, broad interpretation of the Act should be indulged to accomplish the end sought to be attained. Cordell v. City of Los Angeles, 67 Cal.App.2d 257, 154 P.2d 31; 43 C.J. 813. Viewed in this manner, it would seem that a Pension Board operating under the statute in question has the power to reinstate a Policeman who has been a participant in the Pension Fund, but who has voluntarily withdrawn therefrom, as long as the action of the Board is reasonable and not arbitrary under the circumstances. In this case, there was nothing unreasonable or arbitrary in the action of the Board in reinstating Peters and Bichsel. They were required to file applications for reinstatement, to pass physical examinations and to pay wage deductions for the entire period of time that they were out of the Fund. No fact or condition is shown concerning their reinstatement which is inconsistent with the Act or its purpose. In our opinion, it was within the power of the Board to reinstate both Peters and Bichsel.

■ In Point No. 2, appellant contends that the case should be reversed because appellees Dobbs and Guerrero did not prove that each was a member of the Police Department. Without doubt, appellees, who seek the benefit of the drastic

process of mandamus, have the burden of establishing this fact. Both Dobbs and Guerrero had previously been members of the Police Department of San Antonio but had voluntarily terminated such employment in 1943 and 1945 respectively. The purported beginning of their present employment was during April of 1948.

Section 7 of the Pension Act describes those who may share in the Pension Fund as "any person who * * * shall have been *duly appointed* and enrolled in the * * * Police Department * * *" (italics ours). Membership in the Police Department of San Antonio is controlled by Article 1269m. Section 10 of this Article provides as follows: "When a vacancy occurs in the Fire Department or Police Department, the Fire Chief or head of the Fire Department or the Police Chief or head of the Police Department shall request in writing from the Commission the names of suitable persons from the eligibility list, and the Director shall certify to the cheif executive of said city, the names of three (3) persons having the highest grades on the eligibility list, and the said chief executive shall thereupon make an appointment from said three (3) names."

It is apparent from this statute that the power to appoint members of the Police Department is vested in the chief executive of the city, the mayor. The Civil Service Commission is required to certify to the mayor the names of those who are eligible for employment, but it does not have the power to make the appointment.

There is no evidence in the record that the Mayor of the City of San Antonio appointed Dobbs and Guerrero as Policemen. In the absence of such evidence, it cannot be said that they have discharged the burden which rested upon them to show that they have been "duly appointed" as members of the Police Department. It is true that appellees Dobbs and Guerrero each testified that he was a fully paid and enrolled member of the Police Department, and the Director of the Firemen and Policemen Civil Service Commission testified that each appellant is carried on the Civil Service Records which he keeps as a member of the Police Department under Civil Service. If this evidence had come unchallenged with no attempt to deny or contradict it, it would probably have been sufficient under the holding in the cases of McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722 and Anderson v. Polk, 117 Tex. 73, 297 S.W. 219, upon the theory that public officials are presumed to have rightly performed their duties. That presumption, however, cannot be indulged in this case. Appellant denied in his pleadings that appellees Dobbs and Guerrero were members of the Police Department. He objected to the introduction of the testimony of appellees and of the Director of the Civil Service Commission that they were so employed. The Mayor of the City was placed on the stand by appellant to testify that he did not make such appointment but appellees' objection thereto was sustained by the trial court. Under these circumstances, it cannot be presumed that the Mayor made the appointments and that Dobbs and Guerrero are de jure officers. The most that can be said from the evidence is that they are de facto officers. They have, therefore, failed to establish that they were "duly appointed" as required by the Pension Act.

The action of the trial court in refusing to accept the testimony of the Mayor to the effect that he did not appoint Dobbs and Guerrero as Policemen was likewise error as contended by appellant in Point No. 4. Ruggles et al. v. Seedig et al., Tex.Civ.App., 247 S.W. 650; Sanders v. St. Louis Southwestern R. Co. of Texas, Tex.Civ.App., 135 S.W. 718; Willacy County Water Control and Improvement Dist. No. 1 v. Nelson, Tex. Civ.App., 108 S.W.2d 271; 17 Tex.Jur., page 479; 32 C.J.S., Evidence, § 790, page 716.

Appellant's third point complains of the action of the trial court in refusing to permit in evidence the ordinance of the City of San Antonio directing appellant Davis to refuse to accept payment of wage deductions of appellees. The authority to administer the provisions of Article

6243f is vested in the Pension Board and not in the City Council. Any action taken by the City Council with reference to such fund was, therefore, without authority and wholly immaterial to this cause and the court did not err in sustaining appellee's objection thereto.

■ Appellant further contends that the City of San Antonio is a necessary party to this suit and that the judgment of the trial court should be reversed because of the omission to include the City as a party. It is true that the City may be financially affected by the outcome of this suit in that a large part of any money paid for benefits will come out of the City Treasury, but it is likewise true that Article 6243f gives the City no control whatever over the Pension Fund. Although appellant herein is Treasurer for the City, his duties concerning the Pension Fund are purely ministerial and are to be determined by the provisions of the statute and the proper orders of the Pension Board. The City of San Antonio is not a necessary party to such action seeking to require the City Treasurer to perform a ministerial duty. Weaver v. Commissioners' Court of Nacogdoches County, 135 Tex. 611, 146 S.W. 2d 170; Monk v. Crooker, Tex.Civ.App., 207 S.W. 194.

■ Appellees complain of the action of the trial court in denying them judgment for attorneys' fees. The evidence shows that Peters and Bichsel agreed to pay their attorneys herein $750 and that such fee is reasonable and customary. The trial court found that the fees contracted for were made necessary by the refusal of appellant Davis to accept the various sums tendered to be applied to the Pension Fund, but further found that such fees were not legally recoverable in this cause. In our opinion, this ruling of the trial court was correct. William Cameron & Co., Inc., v. American Surety Co. of New York, Tex.Com.App., 55 S.W.2d 1032; Houston Production Co. v. Taylor, Tex. Civ.App., 33 S.W.2d 202; Mathis v. Wherry, Tex.Civ.App., 45 S.W.2d 700; Kuykendall v. Taylor, Tex.Civ.App., 89 S.W. 2d 297; First Nat. Bank of Amarillo v. Slaton Independent School Dist., Tex.Civ.

App., 58 S.W.2d 870; 13 Tex.Jur., page 196; 11 Tex.Jur. page 302.

For the reasons stated, the portion of the judgment of the trial court granting writ of mandamus against appellant Davis as prayed by appellees Peters and Bichsel and the portion of the judgment refusing attorneys' fees to all appellees is affirmed, but that portion of the judgment granting mandamus in favor of Dobbs and Guerrero is reversed and remanded.

Affirmed in part and reversed and remanded in part.