CITY OF SAN ANTONIO et al.
v. WILEY et al.
No. 12440.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 8, 1952.

Rehearing Denied Nov. 12, 1952.

Harvey L. Hardy, Charles J. Matthews, G. Bert Smith, Jr., San Antonio, for appellants.

Adrian A. Spears, Louis Le Laurin, San Antonio, for appellees.

NORVELL, Justice.

On August 29, 1951, the appellee Cora Wiley received a letter from the then Commissioner of Fire and Police of the City of San Antonio, notifying her that from and after September 1, 1951, her services would no longer be required as the position she held, described as "social worker in the Juvenile Aid Bureau" of the Police Department would be abolished effective on said date. This letter purported to reflect the action of the Commissioner and not the City Council.

The controlling question in this case is whether or not Cora Wiley came within the provisions of the Policemen's and Firemen's Civil Service Act, adopted by the Fiftieth Legislature. Acts 1947, 50th Leg. p. 550, ch. 325, Article 1269m, Vernon's Ann.Tex.Stats. The trial court held that she was a civil service employee of the Police Department; that her attempted dismissal was ineffective, and that she should recover her salary from the City. She was also allowed an additional recovery by reason of insufficient salary payments under the minimum wage law. Article 1583-2, Vernon's Ann.Tex. Penal Code.

The City's attack upon the judgment is based upon the proposition that Cora Wiley failed to show that she was the holder of a de jure office or position within the Police Department. It is said that there was no ordinance creating the place and that consequently Cora Wiley's employment could be terminated at will.

It was stipulated that on May 22, 1923, Cora Wiley made application for appointment as a Police Matron in the San Antonio Police Department. The application was accepted and appellee served as a matron until June of 1928, when she resigned.

On June 1, 1943, she was appointed as a social worker in the Police Department by the then Fire and Police Commissioner and continued in such service until she was relieved of her duties on September 1, 1951. The amount of her salary was determined and her name appears on all the payrolls of the Police Department from June 1, 1943, to September 1, 1951. These payrolls were prepared twice each month, approved by the Fire and Police Commissioner and then submitted to and approved by the City Council, which appropriated money to pay the same. Some testimony was taken at the hearing and this indicates that Cora Wiley performed numerous duties generally associated with those of a woman on duty with a Police Department. She was furnished a badge which carried the words, "Police Woman, San Antonio."

Appellants rely upon the case of City of Dallas v. McDonald, 130 Tex. 299, 103 S.W.2d 725, 107 S.W.2d 987, which holds that it is necessary for one seeking reinstatement as a police officer to show that he is a de jure officer and that the office which he claims has a legal existence. McGuire v. City of Dallas, Tex.Civ.App., 151 S.W.2d 617, is likewise cited. The holding of this case is that the existence of a de jure office must be pleaded and that the courts do not take judicial notice of the provisions of municipal ordinances which must be alleged and proved as other facts. Both cited cases relate to the charter and ordinances of the City of Dallas.

We are here concerned with an enactment of the State Legislature—the Firemen's and Policemen's Civil Service Act, which was adopted by the City of San Antonio and became applicable to its Firemen and Policemen in December of 1947. We are of the opinion that under the facts as pleaded and proved by appellees (as above set out) and the provisions of said Act, Cora Wiley occupied a de jure position in the San Antonio Police Department.

It appears that for a six months period before, as well as for a similar pe-

riod after the date of the adoption of the provisions of the Act by the City of San Antonio, Cora Wiley was an employe of the Police Department. Section 2 of the Civil Service Act provides that, "By the term 'Policeman' is meant any member of the Police Department who draws compensation for his services as a member of said Department." By Legislative definition, Cora Wiley was a "policeman." As such and also by the terms of the Act she was entitled to civil service classification. Section 24 of the Legislative enactment provides that, "Firemen or Policemen in the actual service of each city affected hereby, at the time of the final passage of this Act, and entitled to civil service classification, shall enjoy the status of civil service employees without having to take any competitive examinations for the position occupied at the time, provided such Firemen and Policemen have been in the service of said city for more than six (6) months."

Section 12 of the Act provides that, "All offices and positions in the Fire Department or Police Department shall be established by ordinance of the City Council or governing body, provided, however, if the officer or employee shall have been permitted to serve the six (6) months probationary period, the service of said officer or employee shall ipso facto constitute the creation of the said position or office under a civil service classification." Cora Wiley served for much longer than six months (approximately three years and eight months), in the position she occupied at the time the Civil Service Act became effective.

The declared purpose of the Civil Service Act is, "to secure to the cities affected thereby efficient Police and Fire Departments, composed of capable personnel, free from political influence, and with permanent tenure of employment as public servants." Section 16a. The intent of the Act was to provide for and protect the rights of persons serving as officers and employees of the Fire and Police Departments of the City at the time the Act be-

came effective by adoption by the City. Such persons are obviously entitled to the benefits of the six months probationary period provided by Section 12 of the Act, which also prescribes that, "When Firemen or Policemen, however, have served the full probationary period, they shall automatically become full-fledged civil service employees, shall have full civil service protection, *the regularity of their appointment shall be presumed, and in any* civil service hearing involving the removal or suspension of such employees, the sole inquiries shall be as to the truth or falsity of the specific charges filed against said employees * * *."

Under the Civil Service Act the authority to vacate or abolish a position in the Fire or Police Department is vested in the City Council or Legislative body of the City and not in the Fire & Police Commissioner. However, had the position held by Cora Wiley been abolished, this would not effect her discharge from the Police Department. Section 21 of the Act provided that when a position is abolished, "the employee holding such position shall be demoted to the position next below the rank of the position so vacated or abolished; provided that when any position or positions of equal rank may be abolished or vacated, the employee or employees with the least seniority in the said rank shall be the one or ones who are demoted. In the event positions in the lowest classifications are abolished or vacated, and it thereby becomes necessary to dismiss employees from the Department, the employee with the least seniority shall be dismissed, but such employees as are involuntarily separated from the Department without charges having been filed against them for violation of civil service rules, shall be placed on the reinstatement list in order of their seniority."

We hold that the trial court was correct in holding that under a fair interpretation of the Act, Cora Wiley was entitled to the protection thereof and rendering judgment accordingly. The judgment is therefore affirmed.