**A. L. WHITLEY et al., Appellants,**

**v.**

**The CITY OF SAN ANGELO et al.,
Appellees.**

**No. 10412.**

Court of Civil Appeals of Texas.

Austin.

June 27, 1956.

Wilson, Wilson & Logan, Francis G. Culhane, San Angelo, for appellants.

H. D. Howard, City Atty., San Angelo, for appellees.

GRAY, Justice.

This is a civil service case. wherein eight nightwatchmen policemen of the City of San Angelo have appealed from a judgment denying them recognition as civil service employees of said City.

On November 4, 1947, the City, by an election, adopted the Policemen's and Firemen's Civil Service Act, Art. 1269m, Vernon's Ann.Civ.St. (Later referred to as the Act as it existed prior to its amendment in 1955.)

Thereafter the City passed an ordinance classifying employees under the Act however nightwatchmen do not appear to have been classified.

The City passed an ordinance effective January 31, 1955, providing:

"Section 1. That the Policemen's Civil Service Classification of nightwatchman, if one may have been created by operation of law under Article 1269m, Texas Civil Statutes, be and the same is hereby abolished.

"Section 2. That this ordinance shall be effective from and after January 31, 1955."

On November 19, 1954, appellants other than Dee Scott received a notice that they were to be discharged December 31, 1954, and their pay stopped January 31, 1955. Dee Scott was discharged May 14, 1955.

Four of the appellants had served in the capacity of nightwatchmen for more than six months prior to the adoption of the Act and all had served for more than six months prior to their discharge. Thus the position of nightwatchman was ipso facto created. Sec. 12 of the Act. Four

of appellants are entitled to such classification by reason of their service prior to the effective date of the Act, Sec. 24, and the other four by reason of their service prior to discharge.

Appellants were employed by the Chief of Police, were issued a policeman's commission and a policeman's badge; were authorized to carry a gun and to make arrests. During the period of 1950–1952 they were required to wear uniforms, at all other times they were not required to wear uniforms. Their names were on the Police Department payroll which was carried as a part of the general budget of the City and each time appellants received a check they signed this payroll. They were assigned to separate areas of the City and also received compensation from some of the proprietors of businesses or property owners in the areas served.

Section 2 of Art. 1269m, supra, provides, in part:

"* * * By the term 'Policeman' is meant any member of the Police Department who draws compensation for his services as a member of said Department."

■ What we have already said is sufficient to show appellants drew compensation for their services as members of the Police Department and under the definition supra they are policemen.

■ Appellees say that appellants A. L. Whitley, Dell Behringer, E. A. Cameron and Frank Gamblin were more than 35 years of age at the time the Act was adopted by the City, and that appellants Dee Scott, J. D. Wright, Sam Gates and J. E. Wagner were more than 35 years of age at the time of their employment and further that appellants have not taken examinations. The first four named appellants were in the service of the City for more than six months prior to the final passage of the Act and Section 24 thereof exempts them from competitive examinations. We hold that they were not subject to the age limit of 35 years.

Sec. 9 of the Act provides:

"The Commission shall make provisions for open, competitive and free examinations for persons making proper application and meeting the requirements as herein prescribed. All eligibility lists for applicants for original positions in the Fire and Police Departments shall be created only as a result of such examinations, and no appointments shall ever be made for any position in such Departments except as a result of such examination, which shall be based on the applicant's knowledge of and qualifications for fire fighting and work in the Fire Department, or for police work and work in the Police Department, as shown by competitive examinations in the presence of all applicants for such position, and shall provide for thorough inquiry into the applicant's general education and mental ability."

The section further provides that appropriate physical examinations shall be required of all applicants for beginning or promotional positions, and that:

"The age and physical requirements shall be set by the Commission in accordance with provisions of this law and shall be the same for all applicants. Provided no person shall be certified as eligible for a beginning position who is over the age of thirty-five (35)."

Sec. 12 of the Act provides:

"A person who has received appointment to the Fire Department or Police Department hereunder, shall serve a probationary period of six (6) months. During such probationary period, it shall be the duty of the Fire Chief or head of the Fire Department or Police Chief or head of the Police Department to discharge all Firemen or Po-

licemen whose appointments were not regular, or not made in compliance with the provisions of this Act, or of the rules or regulations of the Commission, and to eliminate from the pay rolls any such probationary employee. When Firemen or Policemen, however, have served the full probationary period, they shall automatically become full-fledged civil service employees, shall have full civil service protection, the regularity of their appointment shall be presumed, and in any civil service hearing involving the removal or suspension of such employees, the sole inquiries shall be as to the truth or falsity of the specific charges filed against said employees by the Department head, as to the sufficiency of said charges, and as to what punishment, if any, should be administered."

As noted supra this section provides that if the employee shall have been permitted to serve the six months probationary period such service shall ipso facto create the position under a civil service classification.

■ Appellants were not discharged as directed in Sec. 12 supra and they automatically became full-fledged civil service employees of the City. City of San Antonio v. Hahn, Tex.Civ.App., 274 S.W.2d 162. Er. ref., n.r.e. City of San Antonio v. Wiley, Tex.Civ.App., 252 S.W.2d 471. Er. ref., n.r.e.

■ The ordinance effective January 31, 1955, abolished the classification of night-watchmen. Sec. 21 of the Act provides:

"In the event that any position in the Fire Department or Police Department is vacated or abolished by ordinance of the City Council, or legislative body, the employee holding such position shall be demoted to the position next below the rank of the position so vacated or abolished; provided that when any position or positions of equal rank may be abolished or vacated, the employee or employees with the least seniority in the said rank shall be the one or ones who are demoted. In the event positions in the lowest classifications are abolished or vacated, and it thereby becomes necessary to dismiss employees from the Department, the employee with the least seniority shall be dismissed, but such employees as are involuntarily separated from the Department without charges having been filed against them for violation of civil service rules, shall be placed on the reinstatement list in order of their seniority. The reinstatement list shall be exhausted before appointments are made from the eligibility list. Appointments from reinstatement list shall be in the order of seniority. Those who shall have been on any such reinstatement list for a period of three (3) years shall be dropped from such list but shall be reinstated upon request from the Commission."

This section requires that appellants either be re-employed or placed on a reinstatement list.

Appellants sued to recover the difference in the pay that they received and that fixed by the minimum wage law and longevity.

Appellees agree that if

" * * * this court find that all or any of the appellants are Civil Service employees, all so found would be entitled to the statutory minimum wage. However, they would not be entitled to the minimum wage paid by the City unless this court should find that the qualifications and duties of night-watchmen are the same as that established by ordinance for patrolmen."

The minimum wage and longevity statute is Art. 1583-2, Vernon's Ann.P.C., and as applicable here provides:

" * * * in all such cities with inhabitants of forty thousand and one (40,001) to one hundred thousand and

one (100,001) inhabitants, such minimum salaries shall be One Hundred Ninety-five ($195.00) Dollars per month; and in all such cities from one hundred thousand and one (100,-001) to one hundred seventy-five thousand (175,000) inhabitants, such minimum salaries shall be Two Hundred Ten ($210.00) Dollars per month; and in all such cities the additional sum of Two ($2.00) Dollars per month for each year of service in such Fire or Police Department up to and including twenty-five (25) years of service in such department, as a minimum wage for the services so rendered. This longevity or service pay shall be paid in addition to all other moneys paid for services rendered in said departments."

■ Our holding supra that appellants were civil service employees of the City and that their service ipso facto created the position of nightwatchmen policemen makes them subject to the minimum wage and longevity statute supra. The right of appellants to receive longevity benefits de-, pends on whether they have received the minimum pay fixed by the statute supra. Austin Fire & Police Departments v. City of Austin, 149 Tex. 101, 228 S.W.2d 845.

Appellees say that appellants are limited in their recovery of any sums as deficient monthly salary payments by the two year statute of limitations. Art. 5526, Vernon's Ann.Civ.St.

■ The obligation of the City to pay the minimum wage is created by statute and it is settled that statutory obligations are subject to the bar of the two years Statute of Limitations. Cowart v. Russell, 135 Tex. 562, 144 S.W.2d 249. Jackson v. Tom Green County, Tex.Civ.App., 208 S.W.2d 115, Er. ref., n.r.e.

■ Sec. 9 of the Charter of the City provides that it is authorized to acquire any character of property by gift and in view of Sec. 31 which provides that no employee shall accept anything of value from any person, firm or corporation "upon terms more favorable than are granted to the public" we think that the money paid by parties other than the City to appellants must be construed as gifts to the City and to constitute salary payments. Such payments then are to be considered in determining whether appellants have received the minimum wage as provided in Art. 1583–2, supra.

There are several exhibits in the record before us showing the period of employment of appellants, the monthly salary paid by the City to them and the amounts of money received from the proprietors or owners of the properties located in the areas assigned to appellants. However we believe that the practical solution of this question is to reverse the judgment of the trial court and remand this cause to the trial court with instructions to enter a judgment for appellants in accordance with this opinion.

The judgment of the trial court is reversed and the cause is remanded with instructions.

Reversed and remanded with instructions.