FIREMEN'S AND POLICEMEN'S CIVIL SERVICE COMMISSION OF CITY OF SAN ANTONIO et al., Appellants,

v.

Luther WELLS, Appellee.

No. 13096.

Court of Civil Appeals of Texas.

San Antonio.

March 13, 1957.

Rehearing Denied April 10, 1957.

Carlos C. Cadena, City Atty., Mayo J. Galindo, Asst. City Atty., Harvey L. Hardy, Max N. Clifton, E. G. Bradley, San Antonio, for appellants.

Maxwell Burket, Adrian A. Spears, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This is an appeal by the Firemen's and Policemen's Civil Service Commission of

the City of San Antonio, Texas, hereinafter referred to as Civil Service Commission, and the Board of Firemen, Policemen and Fire Alarm Operators' Pension Fund Trustees of San Antonio, Texas, hereinafter referred to as the Pension Board, from a judgment rendered in the District Court of the Special 37th Judicial District. The judgment ordered several things: First, that the Civil Service Commission immediately correct its records to reflect that plaintiff, Luther Wells, was entitled to a civil service status in the San Antonio Police Department under Article 1269m, Vernon's Ann.Civ.Stats., as of April 30, 1952, and at such time was duly appointed and enrolled in said department. Second, that the decision of the Pension Board dated December 31, 1955, denying a pension to plaintiff, be set aside, and that said Pension Board immediately place plaintiff on the retirement pension roll of the San Antonio Police Department, pursuant to the provisions of Article 6243f of the Vernon's Revised Civil Statutes of Texas, as of April 30, 1952. Third, that Luther Wells recover from the Pension Fund administered by the Pension Board, the total sum of $4,536 (representing a pension of $104 per month from June 7, 1953, to the date of judgment, based on at least twenty years of service, and a base pay, at the time of retirement of $260 per month), less a sum of money equal to the amount of salary deductions plaintiff would have paid had he joined said pension fund on the date he became eligible to obtain a pension based on twenty years of service in the San Antonio Police Department. Fourth, that plaintiff, Luther Wells, reimburse to the Texas Municipal Retirement System, out of the money paid to him by the Pension Board, under the terms of the judgment, all benefits received by plaintiff from the Texas Municipal Retirement System since June 7, 1953.

■ Luther Wells was employed in the Police Department at the time Article 1269m, supra, was adopted and had been for more than six months prior thereto and for more than six months thereafter.

Therefore, he was a member of the San Antonio Police Department by reason of Secs. 2, 12 and 24 of Article 1269m, supra. City of San Antonio v. Castillo, Tex.Civ. App., 293 S.W.2d 691; City of San Antonio v. Hahn, Tex.Civ.App., 274 S.W.2d 162; City of San Antonio v. Wiley, Tex.Civ. App., 252 S.W.2d 471.

■ We are here called upon to determine whether or not Luther Wells was entitled to a certificate of retirement from the Pension Board on April 30, 1952, the date of his retirement. The so-called Policemen's Pension Act, Art. 6243f, supra, was first passed by the Legislature in 1941. Under the provisions of this Act it was optional whether a member of the Police Department joined the Pension Fund. Luther Wells did not make application to become a member of the Pension Fund, and was therefore not entitled to any of the benefits of said Act. In 1951, certain provisions of the Policemen's Pension Act, Art. 6243f, were amended and any person who was a member of the San Antonio Police Department at that time had an option, if he had not previously become a member of the Pension Fund, to become a member and establish his prior service credit by so expressing his intention in writing within ninety days from the effective date of the 1951 amendment, and by thereafter paying into the Pension Fund, within six months, a sum of money equal to the amount of salary deductions he would have paid had he joined the Pension Fund on the date he became eligible to participate in said Pension Fund. If he did not exercise this option in writing within ninety days, he would automatically become a new member of the Pension Fund, entitled only to the rights beginning as of the effective date of the 1951 amendment. Section 7(a), Article 6243f, R.C.S. However, subdivision (d) of said Sec. 7, requires that "Written notice by registered letter shall be given each and every person eligible for membership in the Pension System by such city within sixty (60) days from the date such city comes under this Act, informing him of the pro-

visions of this section and its subdivisions." Luther Wells was never so notified. When we give this subdivision a liberal and broad interpretation, as required, so as to accomplish the end sought to be attained by the Act, Davis v. Peters, Tex.Civ.App., 224 S. W.2d 490, Wells would not be compelled to make his election to come into the Pension Fund as an old or new member until he received such notice. The following cases, while not directly in point, are very persuasive: Bailey v. Texas Indemnity Ins. Co., Tex.Com.App., 14 S.W.2d 798; Anderson-Berney Realty Co. v. Soria, Tex. Civ.App., 41 S.W.2d 279, affirmed 123 Tex. 100, 67 S.W.2d 222.

█ There can be no doubt about Wells' eligibility to become a member of the Policemen's and Firemen's Pension Fund. Art. 6243f and Art. 1269m are to be treated as pari materia. Martini v. Civil Service Commission, 125 N.J.L. 599, 30 ιA.2d 569. This is the holding, as we understand it, in Davis v. Peters, supra. The Court said [224 S.W.2d 494]: "Membership in the Police Department of San Antonio is controlled by Article 1269m." It is true that under the facts in that case membership was determined under the provisions of then Sec. 10, Art. 1269m, while under the facts in this case membership is determined under the provisions of Secs. 2, 12 and 24, nevertheless the articles were treated. as pari materia. It is also true that Sec. 7 of the Pension Act describes those who may share in the Pension Fund, as "any person who * * * shall have been duly appointed and enrolled in the * * * Police Department * * *." Art. 1269m contains the following provisions:

"Sec. 2. * * * By the term 'Policeman' is meant any member of the Police Department who draws compensation for his services as a member of said Department. * * *"

"Sec. 12. * * * When Firemen or Policemen, however, have served the full probationary period, * * * regu-

larity of their appointment shall be presumed, * * *."

"Sec. 24. Firemen or Policemen in the actual service of each city affected hereby, at the time of the final passage of this Act, and entitled to civil service classification, shall enjoy the status of civil service employees without having to take any competitive examinations for the position occupied at the time, provided such Firemen and Policemen have been in the service of said City for more than six (6) months."

Wells was a policeman because he was a member of the Police Department who drew compensation for his services as a member of said Department. Inasmuch as he had served the full probationary period, it will be presumed that he had been duly appointed and enrolled, and inasmuch as he had been in the service of the city for more than six months at the time of the final passage of Art. 1269m in its present form, he was not required to take any competitive examination.

Inasmuch as Wells had not been given notice by registered letter by the City, informing him of the provisions of Art. 6243f, he was not guilty of laches in not sooner applying for a certificate of retirement. The judgment of the trial court properly required Wells to pay into the Pension Fund a sum of money equal to the amount of salary deductions he would have paid had he joined said Pension Fund on the date he became eligible to participate in the benefits of such Pension Fund.

Our original opinion, delivered February 13, 1957, is withdrawn, the judgment based thereon set aside, and this opinion substituted as the opinion of this Court.

Appellants' motion for a rehearing will be overruled and appellee's motion for rehearing, granted. Our judgment of February 13, 1957, is set aside and judgment now rendered affirming the judgment of the trial court.