FIREMEN'S AND POLICEMEN'S CIVIL SERVICE COMMISSION ET AL
v. LUTHER WELLS

No. A-6351. Decided October 31, 1957.
Rehearing overruled December 4, 1957.
(306 S.W. 2d Series 895.)

*Carlos C. Cadena,* City Attorney, *A. W. Worthy* and *Mayo Galindo,* Assistants City Attorney, and *Harvey L. Hardy,* of San Antonio, for petitioners.

*Adrian A. Spears* and *Maxwell Burkett,* both of San Antonio, for respondent.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

A summary judgment was rendered in the trial court, the provisions of which material here were: (1) That the Firemen's and Policemen's Civil Service Commission of the City of San Antonio immediately correct its records to reflect that respondent, Luther Wells, was entitled to civil service status in the San Antonio Police Department as of April 30, 1952, and at such time was duly appointed and enrolled in that Department; and (2) that the Board of Firemen, Policemen and Fire Alarm Operators Pension Fund Trustee of San Antonio set aside its order denying respondent a pension, and place his name on the Retirement

646

Pension Roll of the San Antonio Police Department as of April 30, 1952. That judgment was affirmed by the Court of Civil Appeals. 300 S.W. 2d 676.

All statutory references in this opinion are to Vernon's Texas Civil Statutes.

The essential undisputed facts are: Wells was employed by the City of San Antonio from February 1, 1925, to May 31, 1939, as a porter and, for a period, as a plain clothesman. He left the employment of the City on the latter date, and was employed elsewhere. His last period of employment by the City, which was solely as a janitor or porter, began in the Police Department on June 1, 1943, and continued without any change in duties until he retired on April 30, 1952. He made application for a retirement pension from the Texas Municipal Retirement System as of April 30, 1952, which application was granted, and since that time, or at least until the time of his hearing before the Pension Board on October 15, 1955, he has been paid a pension of $37.50 per month out of that system. His right to that pension is not involved in this litigation. What he is now seeking is a police pension, and the question before us for decision is whether or not he is entitled thereto under the provisions of Article 6243f. That is a long statute enacted in 1941, establishing a pension system for policemen, firemen and fire alarm operators. The applicable section is Section 7, which originally read in part as follows:

"Sec. 7. Any person who, at the establishment of said fund or thereafter, shall have been duly appointed and enrolled in the Fire Department, Police Department, or Fire Alarm Operators' Department of any such City * * * may file his application with the Board for participation therein * * *."

The statute was amended in 1951, and, as amended, Section 7 reads in part as follows:

"Sec. 7(a). All persons duly appointed and enrolled in the Fire Department, the Police Department, or Fire Alarm Operators' Department of any City * * * shall automatically become members of the Pension Fund of such Cities, * * *."

Wells did not make application with the Board for participation in the Pension Fund prior to the amendment of 1951. His claim of right to participate in the Fund rests alone upon the

amendment, which made membership in the Fund automatic for those qualified for membership. By Section 7 those persons qualified for membership are all persons "duly appointed and enrolled in the Fire Department, Police Department, or Fire Alarm Operators' Department."

■ Wells' claim of right to a pension as a policeman or as a member of the Police Department is based on Article 1269m, which was enacted in 1947. That Article is a very comprehensive statute providing civil service status for firemen and policemen. Under the holding in several cases, respondent was a policeman or member of the Police Department by virtue of Sections 2 and 24 of that Article for the purpose of civil service status. City of San Antonio v. Castillo, 293 S.W. 2d 691, er. ref., n.r.e.; City of Wichita Falls v. Cox, 300 S.W. 2d 317, er. ref. n.r.e.; City of San Antonio v. Wiley, 252 S.W. 2d 471, er. refused, n.r.e.; City of San Antonio v. Hahn, 274 S.W. 2d 162; er. ref., n.r.e.; Whitley v. City of San Angelo, 292 S.W. 2d 857. Petitioners make the contention that those cases were incorrectly decided, and call upon us to overrule them. We have examined the record in one of those cases which came to this court, and in which we refused the application for writ of error on the ground of no reversible error, and found that the principal holding in that case was squarely assigned as error in this court. Had we sustained that point, the application would have been granted. By refusing to grant the writ, we approved the holding. The question, therefore, will not be re-examined here.

■ It does not necessarily follow that one who has civil service status as a policeman or member of the Police Department under Article 1269m is entitled to participate in the Policemen's Pension Fund. Article 6243f is very restrictive in its application. It does not by its terms apply to every member of the Fire and Police Departments. Section 3 of the Article limits membership to the Pension Fund to "each fully paid Fireman, Policeman, and Fire Alarm Operator." Section 4 provides for deductions from wages of each "Fireman, Policeman and Fire Alarm Operator" as contributions to the Fund. Section 7, as noted above, limits membership to those "duly appointed and enrolled in the Fire Department, Police Department or Fire Alarm Operators' Department." The intention of the Legislature to restrict membership in the Pension Fund is emphasized by the Emergency Clause, which states that there is an absolute necessity for the Act "in order that Firemen and Policemen who are engaged in such a hazardous occupation be protected." Construing the statute as a whole, it appears that the intention of the Legislature

was to provide pensions not for all employees of the Fire and Police Departments, but only for those engaged in the active duties of law enforcement or fire fighting, including Fire Alarm Operators. We cannot read into the language of that statute an intention to provide pensions for porters and other employees of the Police and Fire Departments, and thereby prefer them over similar employees of other department of the City.

Respondent relies upon Section 12 of Article 1269m in support of his claim that his appointment should be presumed regular, and therefore bring him within the provisions of the Pension Statute, Article 6243f. We cannot so construe that section. Its meaning can be ascertained only by referring to Section 10 of the same Act. The subcaption of Section 10 is "Method of Filling Positions." It provides that vacancies in the Fire Department or Police Department shall be filled from the names of three persons having the highest grades on the eligibility list as certified by the Director of the Commission. The subcaption of Article 12 is "Probationary and Fullfledged Firemen and Policeman." That subcaption evidences no intent other than that of governing the probationary periods of members of the Fire or Police Departments. In general Section 12 provides that each person who has received an appointment to the Fire or Police Department hereunder, i.e., under the provisions of Article 1269m, shall serve a probationary period of six months, and when he has served the probationary period he shall automatically become a full-fledged civil service employee with full civil service protection, and the regularity of his appointment shall be presumed. It must be observed that the section applies only to persons appointed "hereunder." Respondent was not appointed "hereunder," and does not therefore come within the provisions of the section. Be that as it may, we are unable to extend that statute providing a presumption of regularity of appointment for civil service purposes to the Pension Statute, which requires that to be a member of the Pension Fund one must be duly appointed. The Pension Statute makes no exceptions. A presumption of regularity of appointment for civil service purposes is not at all a presumption of due appointment for pension purposes. It is our view that the trial court erred in rendering summary judgment for respondent, and the Court of Civil Appeals erred in affirming that judgment.

It is accordingly ordered that the judgments of both courts below be reversed, and the cause remanded to the trial court.

Opinion delivered October 30, 1957.

MR. JUSTICE GRIFFIN, joined by Justice Norvell, dissenting.

I respectfully dissent from the majority opinion.

I agree with the opinion rendered by the Court of Civil Appeals and would therefore affirm its judgment.

Delivered October 30, 1957.

Rehearing overruled December 4, 1957.