

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

August 12, 1958

Mrs. Marie Hudson
Firemen's Pension Commissioner
702 Tribune Building
Austin, Texas

Dear Mrs. Hudson:

Opinion No. WW-491

Re: Eligibility of a
fireman who was in
the Military Service,
to File Statement of
Intention to claim
Prior Service Credits.

Your request for an opinion reads in part as follows:

"Section 10-B of the Fireman's Pension
Law went into effect May 22, 1957. Firemen
in fully paid Departments were given a 60
day period in which to file a Statement of
Intention to Pay on Prior Service. After
payment was made the Fireman would then be
entitled to count service on which he had
not previously contributed. The Houston
Pension Board has extended this privilege
to a Fireman who was in military service,
through no fault of his own, during the
60 day period and had no possible way of
knowing about the 60 day time limit or of
securing forms on which to file his statement."

Section 10-B of the Fireman's Pension Law, referred to
in your letter, was added by House Bill 68, Acts of the 55th
Legislature, Regular Session 1957, Chapter 275, Page 617.
The Section became effective May 22, 1957. (Article 6242e,
Vernon's Civil Statutes.)

The pertinent part of Section 10-B is as follows:

"Sec. 10B. Any fireman who is a member of
a regularly organized 'full paid' fire department
having a Relief and Retirement Fund and who is not
participating in such fund, or who is participating
but has failed to participate in such fund during
some period of his service as a fireman after
April 9, 1937, and who desires himself or his
beneficiaries to participate in such fund or the
benefits therefrom with full credit under this

Act for all of such fireman's service as a fireman, shall, within sixty (60) days after this amending section of this Act takes effect, file with the Secretary-Treasurer of the Board of Firemen's Relief and Retirement Fund Trustees of such fireman's city or town a statement in writing under oath that he desires to participate in the benefits from such fund with full credit for all of his service as a fireman and giving the name and relationship of his then actual dependents, and he shall therein authorize said city or town or the governing body thereof to thenceforth deduct not less than one per centum (1%) nor more than seven and one-half per centum ($7\frac{1}{2}$%), the exact amount as determined or to be determined by the vote of the fire department of which such person is a member, from his salary or compensation;. . ."

The question we are called upon to decide is whether that part of Section 10-B which says "shall within 60 days after this amending section of this Act takes effect, file with the Secretary-Treasurer of the Board of Firemen's Relief and Retirement Fund Trustees of such fireman's city or town a statement in writing under oath that he desires to participate in the benefits from such fund. . ." is mandatory or directory.

The word "shall" has a mandatory implication, but it is not always so used or construed. The courts have held that the Fireman's and Policeman's Pension Act should be liberally and not technically construed. In the case of Davis v. Peters, Tex. Civ. App., 224 S.W. 2d 490, writ refused, the Court said:

"'The purpose of the Act is to provide a pension plan for the type of city employee named. This purpose should not be defeated by a narrow and technical construction of the Act. On the contrary, a liberal broad interpretation of the Act should be indulged to accomplish the end sought to be attained.'"

The Supreme Court of this State has laid down a salutary rule in this connection which it is our duty to follow. The Court in the case of Markowsky v. Newman, 134 Tex. 440, 136 S.W. 2d 813, quoted with approval from Sutherland's Statutory Construction as follows:

"'Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt conduct of the business, and by the

> failure to obey the rights of those interested
> will not be prejdiced, are not commonly to be
> regarded as mandatory; and if the act is performed,
> but not in the time or in the precise mode indi-
> cated, it will still be sufficient, if that which
> is done accomplishes the substantial purpose of the
> statute.'"

In a quite recent case by the Supreme Court, Chisholm v. Bewley Mills _____ Tex. p._____, 287 S.W. 2d 943, the Court had occasion to consider the use of the word "shall" in connection with the time of performance of an act and stated a rule of construction which we think should govern in this matter. In this case, the Court said:

> ". . . Provisions which are not of the essence of
> the thing to be done, but which are included for
> the purpose of promoting the proper, orderly and
> prompt conduct of business, are not generally re-
> garded as mandatory. If the statute directs,
> authorizes or commands an act to be done within
> a certain time, the absence of words restraining
> the doing thereof afterwards or stating the conse-
> quences of failure to act within the time specified,
> may be considered as a circumstance tending to
> support a directory construction. See Thomas v.
> Groebl, 147 Tex. 70, 212 S.W. 2d 625; Markowsky v.
> Newman, 134 Tex. 440, 136 S.W. 2d 808; Sutherland,
> Statutory Construction, 3rd Ed. 1943, Vol. 3 p. 95,
> Sec. 5813 et seq.; 82 C.J.S., Statutes, § 376 et seq.,
> p. 869."

We do not find in this statute any restraining language such as "and not thereafter" or "shall forfeit the right to prior service." We think of no rights of other firemen that would be impaired by a ruling that this statute should be construed as directory rather than mandatory. The facts reveal that the fireman has filed with the Firemen's Pension Board in Houston his written intention to comply with the statute and the Board has accepted his statement. We should not hold this to be a nullity under the facts presented by you unless the statute requires it. The fireman was in military service and we shall assume that he acted with due diligence in filing his statement with the Pension Board after becoming aware of the passage of Section 10-B of the statute. The acceptance by the Pension Board of the belated filing would at least imply this. As stated by the Court in this case of Markowsky v. Newman, 134 Tex. 440, 136 S.W. 2d 813:

". . . if the act is performed, but not in the time or in the precise mode indicated, it will still be sufficient, if that which is done accomplishes the substantial purpose of the statute."

This explicit language of the Court justifies the conclusion we have reached that this fireman has sufficiently complied with the statute in regard to his prior service record, and you are accordingly so advised.

## SUMMARY

The 60 day period specified in Section 10-B of the Firemen's Pension Law, Acts of the 55th Legislature, Regular Session, 1957 (Article 6242e, Vernon's Civil Statutes) should be construed as directory and not mandatory, and the filing of such written statement after the expiration of the 60 day period is sufficient if done within a reasonable time after becoming aware of the effective date of the Act.

Very truly yours,

WILL WILSON
Attorney General of Texas

By  L. P. Lollar
L. P. Lollar
Assistant

LPL:ba

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman
J. Arthur Sandlin
Wallace Finfrock
Linward Shivers
Wayland C. Rivers, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

By: W. V. Geppert