The Honorable Lonnie P. Clark State Representative P.O. Box 307 Berryville, Arkansas 72616
Dear Representative Clark:
This is in response to your request for an opinion concerning the eligibility of a volunteer fireman for retirement benefits. The fact situation which prompts your question is outline briefly as follows:
 A volunteer fireman sent a letter to his local retirement board requesting retirement, believing at that time he had met all of the eligibility requirements. At that same time, the fire chief removed the fireman's name from his service roster. Some weeks later the retirement board met and concluded that the fireman still lacked five to six months service time before being eligible for retirement. The fireman was then informed by the fire chief that he would have to serve an additional consecutive five years, since even if he completed the five to six months of service, his last five years would not be consecutive as required by Arkansas law.
Section 24-11-818(a)(2) of the Arkansas Code (Supp. 1987) provides:
 Any pension fund member who has served in a fire department in the State of Arkansas for a period of twenty (20) years or more, the last five (5) of which shall have been consecutive, shall be entitled to be retired and receive from the fund a monthly pension equal to one-half (1/2) of the salary attached to the rank he held as a volunteer, part-paid, or full-paid member. (Emphasis added.)
Although the provision above is the law, it is my opinion that in this particular instance based upon the premise of your question, its strict application would result in an injustice which I believe a court of competent jurisdiction would not allow.
It has been held that pension acts are to be construed liberally in favor of those to be benefited. Brummund v. City of Oakland, 111 C.A.2d 114, 244 P.2d 441 (1952). City of Ardmore ex rel. Firemen's Relief and Pension Bd. v. Ozment, 467 P.2d 502 (Okla. 1970); Davis v. Peters, 224 S.W.2d 490 (Civ. App. 1949).
Additionally, it is my opinion that the following language from Kelly v. Quayle, 70 N.Y.S.2d 52 (1947) is applicable to the situation you describe:
 The difficult position in which the petitioner finds himself is manifestly not of his own making. . . The Commissioner may not now be heard to urge his own wrong for the purpose of depriving the petitioner of . . . rights. . . .
70 N.Y.S.2d at 54, 55.
It is my opinion that the fire department and the board are at least equally at fault in this situation as the fireman you describe. Firemen who wish to retire should not be removed from the service roster until such time as the board has ascertained their eligibility for retirement benefits.
The fireman's argument is in the nature of an estoppel. See Linda Elenia Askew Trust v. Hopkins, 15 Ark. App. 19, 688 S.W.2d 316
(1985). The doctrine is based upon fairness, and although as a general rule estoppel may not be asserted against the government, it may be used if: 1) it will prevent serious injustice, and 2) if the public interest will not be unduly damaged by its imposition. Dempsey v. Director, Federal Emergency Management Agency, 549 F. Supp. 1334 (E.D.Ark. 1982); Foote's Dixie Dandy v. McHenry, Administrator, 270 Ark. 816, 607 S.W.2d 323 (1980).
This being the case, it is my opinion that a court would require the fireman to complete only the service necessary to give him twenty years of active service, and would allow him retirement benefits after such time.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.