Walter B. GOODE, Appellant,

v.

THE FIREFIGHTERS' AND POLICE OFFICERS' CIVIL SERVICE COMMISSION OF THE CITY OF HOUSTON and The City of Houston, Appellees.

No. 01–97–000693–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 18, 1998.

Robin "Burt" Springer, Houston, for Appellant.

Carole Snyder, Houston, for Appellees.

Before COHEN, WILSON and SMITH,* JJ.

## OPINION

COHEN, Justice.

Walter Goode appeals the trial judge's summary judgment that he take nothing on his appeal of his suspension and subsequent termination from the Houston Police Department (HPD). We affirm.

### Facts

Goode was suspended twice for separate acts of misconduct. In separate proceedings, he appealed both suspensions. The first suspension was reversed, and Goode was awarded back pay. The second suspension was affirmed, and Goode was terminated. The following is a chronology of the events:

1. February 10, 1995: Goode indefinitely suspended.

2. April 11, 1995: Goode indefinitely suspended again.

3. September 21, 1995: independent hearing examiner overturned February 10 suspension, and ordered Goode "reinstated with full back pay and any benefits due him. . . ."

4. March 26, 1996: independent hearing examiner upheld Goode's April 11 suspension and ordered his termination.

Goode appealed to the district court the hearing examiner's decision. The trial judge granted appellees' cross-motion for summary judgment.

### Analysis

Goode asserts summary judgment was erroneous because the Police Chief did not have jurisdiction to suspend him the second time, and the second hearing examiner had no jurisdiction to uphold the Police Chief's action. We follow the usual standard of review. Tex.R. Civ. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995).

■ Goode asserts that because he was fired on February 10, 1995, he could not be fired again on April 11, 1995. He contends that because his first indefinite suspension was actually a "termination," the Police Chief could not terminate him again and the hearing examiner had no jurisdiction to consider the second suspension.[1] We disagree. The Police Chief did not "terminate" Goode. He indefinitely suspended him. An indefinite suspension is not the same thing as a termination.

A police chief may "indefinitely suspend" an employee who is under either his supervision *or* his jurisdiction. Tex. Local Gov't Code Ann. § 143.119(a) (Vernon 1988) ("The head of the . . . police department may indefinitely suspend a . . . police officer under the department head's supervision or jurisdiction. . . ."). We are required to give meaning to every word in a statute, and we hold that supervision and jurisdiction in section 143.119(a) do not mean the same thing. By use of the correlative conjunction "or," the legislature contemplated the potential need to discipline inactive employees (*e.g.*, suspended employees) for misconduct. A suspended employee may not be under the Police Chief's supervision, but he remains under his general authority, i.e., under his "jurisdiction."

■ A police chief may "indefinitely suspend" a police officer, and the officer may appeal to a hearing examiner. Tex. Local Gov't Code Ann. §§ 143.119–.120 (Vernon 1988 & Supp.1998). Nothing in these sections or any related section suggests an indefinite suspension is a termination. The statute does not use the word "termination." Instead it uses the term "permanent dismissal." If, like Goode, an officer appeals, an indefinite suspension *does not become a "permanent dismissal," i.e.*, a termination, until a hearing examiner or the Commission rules against the officer. *See* Tex. Local Gov't Code Ann. § 143.120(c) (Vernon 1988) (Fire Fighters' and Police Officers' Civil Service Commission decides whether indefinitely

---

* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. The district court had jurisdiction to determine the hearing examiner's jurisdiction. Tex. Local Gov't Code Ann. § 143.1016(j) (Vernon Supp. 1998).

suspended police officer is permanently dismissed, temporarily suspended, or restored to former position); TEX. LOCAL GOV'T CODE ANN. § 143.1016(a) (Vernon Supp.1998) (police officer may appeal suspension to a hearing examiner instead of the Commission).

Even if an indefinite suspension were generally the same as a termination, that would not be so here. Goode's first suspension was reversed; thus, despite the Police Chief's attempt, Goode was not "terminated" from the HPD on February 10, 1995. He was retroactively reinstated from February 10, 1995 until April 11, 1995, when he was again suspended.

Goode cites *City of Wichita Falls v. Cox*, 300 S.W.2d 317, 321 (Tex.Civ.App.—Fort Worth 1957, writ ref'd n.r.e.), and *City of San Antonio v. Wiley*, 252 S.W.2d 471 (Tex. Civ.App.—Austin 1952, no writ), for the proposition that he was not an HPD employee on April 11, 1995, the date of his second suspension, because he was not then being paid by or doing work for HPD. *See Cox*, 300 S.W.2d at 321 (person is "member" of the police department if paid); *Wiley*, 252 S.W.2d at 473 (person has civil service status if salaried). Neither case controls our decision because neither addressed the status of an indefinitely suspended employee. Further, due to his successful appeal, Goode was paid for the time between his first and second suspensions.

Goode cites an arbitration opinion to support his argument that his first indefinite suspension was a termination, and therefore, he could not be fired again. *See In the Matter of the Arbitration between H.P.O.A. and City of Houston, Tx.*, AAA 70 390 0123 95, April 30, 1996 (Detwiler, Arb.).[2] In that case, the officer was indefinitely suspended twice. The second suspension was arbitrated, even though the first apparently had never been set aside, as it was here. The hearing examiner held that the first indefinite suspension was equivalent to a termination because at the time of his second suspension, the officer was not paid by the city, was not working for the city, and could

not be promoted or demoted by the city. *Id.* This reasoning erroneously equates an indefinite suspension with a termination. As we have stated, an indefinite suspension is not the same as a "permanent dismissal" (termination). If, as here, an indefinite suspension is lifted, the officer receives back pay and reinstatement. TEX. LOCAL GOV'T CODE ANN. § 143.120(d) (Vernon Supp.1988) (officer prevailing on appeal from indefinite suspension entitled to reinstatement and back pay for time suspended). These are rights of a *suspended* employee, not a *terminated* employee.

We hold that Goode was under appellees' jurisdiction until his employment appeals were final. *See* TEX. LOCAL GOV'T CODE ANN. § 143.119(a) (Vernon 1988). Because Goode had not been permanently dismissed, his conduct while previously on active duty was a proper subject for discipline. Therefore, the hearing examiner had jurisdiction.

We overrule the sole point of error.

We affirm the judgment.

**2.** Appellees objected to the admission of the arbitrator's opinion, but no ruling on that objection