W. A. MAYS, Appellant,

v.

Scotty C. WITT et al., Appellees.

No. 7436.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 15, 1965.

Clayton, Kolander, Moser & Templeton, Amarillo, for appellant.

Arthur J. Lamb, Amarillo, for appellees.

DENTON, Chief Justice.

Appellant, W. A. Mays, brought suit against Scotty C. Witt and G. S. Witt for damages resulting from an alleged breach of contract to relay floor title. Appellees filed a cross-action seeking recovery of attorney's fees and costs of labor and materials used in the performance of the contract. A favorable jury verdict resulted in a judgment for appellees on their cross-action and a denial of recovery by appellant.

The contract which forms the basis of this suit is in the form of a written memorandum. The Witt brothers, in the business of laying floor tile, had originally laid the tile in appellant's cafeteria some time prior to the date of the present contract.

Appellant's dissatisfaction with the floor resulted in his filing of a suit against appellees for damages. Pending the trial of the case, the parties entered into the written contract. The material part of the contract provided that the Witts were to take up the tile flooring, and "clean the floor and the bottom of the title which has adhesive on it—and relay the tile with adhesive described as Bolta Floor Epoxey Adhesive." Mays agreed to the pay the cost of court in addition to the sum of $186.00 for deposition costs. The pending case was to be continued until the tile was relaid and said suit "will be dismissed and final order entered therein when all tile has been relaid." Mays was to be responsible for clearing the floor of furniture and fixtures so as not to interfere with Witts' work. The jury found the Witts did not fail nor refuse to clean the bottom of the tile or the floor; that Mays prevented the Witts from completing the cleaning of the floor and tile; that Mays failed to clear the floor of furniture but that such failure was not a substantial one; and awarded the Witts $986.18 as damages on their cross-action.

Appellant has briefed thirty-three points of error. However, the first twenty-four points contend there is no evidence and insufficient evidence to support the jury's findings that the Witts did not fail or refuse to clean the adhesive from the tile and the floor. It seems the controversy involves the different interpretation placed upon the word "clean" by the respective parties. The contract provided for the Witts to "clean the floor and the bottom side of the tile which has adhesive on it." When Witt's employees had removed and relaid approximately 50% of the tile flooring, Mays stopped the operation and refused to allow them to continue for the reason he maintained the tile was not being cleaned properly and that not all of the adhesive was being removed. Scotty Witt testified:

> "We took scrapers that resemble a broad knife, or a scraper knife, and as the tile was removed I employed two and three men, and they sat in chairs

and the tile was stacked beside them, and they took the scrapers and scraped the back of the tile to clean off any excessive adhesive, and also scrape the edge of each tile prior to relaying it.

"Then the concrete slab was also scraped with this same type of scrapers to remove the adhesive that was on the floor. In addition to that, as an area was removed, we took a sixteen inch sanding machine, floor sander or buffer, and sand paper was used on this sanding machine, as well as dry washed sand. The sand was used to facilitate cleaning the adhesive off the concrete. That was part of our agreement, to clean the concrete slab."

S. F. Curtis, owner of a floor cover business, testified the adhesive "hasn't been cleaned off. However, I would consider this about as well as you can expect to do." In response to a question on cross-examination if a solvent could do a better job Mr. Curtis testified, "Well, not likely. I do not believe you will ever get more than that amount of adhesive off." He further testified the cleaning of adhesive off of used tile was "not a very practical thing to do." and "We never had very good results." On reviewing the evidence most favorable to the verdict, we conclude there is evidence to support the jury finding appellees did not fail or refuse to clean the tile and floor. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114.

There was evidence presented that the Witts did not clean the tile and that it should have been cleaned by a solvent solution. Undoubtedly the methods used and results of the cleaning process used by Witt was not satisfactory to Mr. Mays. However, all the evidence must be reviewed and considered in light of the terms of the contract. To take the position the verb "clean" was intended to mean "to render the tile absolutely clear of all adhesive" would be unreasonable. In our opinion the word "clean" as used here is a relative term, and the jury, in the absence of a definition given by the court, was authorized to apply the usual and ordinary meaning of the word. In reviewing all the evidence we can not say the jury verdict was against the great weight and preponderance of the evidence.

■■ Appellant attacks the awarding of damages to appellees on their cross-action on the ground such damages were not recoverable as a matter of law. The jury awarded the Witts $460.18 for labor and materials expended in relaying the floor up to the time they were stopped by appellant, and $500.00 as attorney's fees incurred in defending the suit initiated by appellant. In consideration for the Witts to relay the tile flooring Mays agreed to pay the court costs and $186.00 for Witt's deposition previously taken and to dismiss the pending suit when the tile was relaid. It is admitted the $186.00 was paid by Mays, but the suit was not dismissed. After the work was stopped, appellees employed counsel to defend this suit and prosecute their cross-action. In our opinion neither the costs of labor and material or attorney's fees are recoverable as damages by appellees. It is fundamental that the recovery of damages is to indemnify the injured party for the pecuniary loss suffered by him, placing him as nearly as possible in the same position he would have occupied but for the injury or breach of contract in question. Reaugh v. McCollum Exploration Co., 139 Tex. 485, 163 S.W.2d 620. Under the terms of the contract the Witts were to receive no compensation for relaying the tile flooring. To allow them the recovery of the costs of labor and material for partially performing the contract even though they were prevented from completing the job by Mays would be contrary to the specific terms of the contract sued upon.

■■ It is settled that unless provided for by statute or by contract between the parties, attorney's fees incurred by a party to litigation are not recoverable against his adversary either in an action in tort or in a suit upon a contract. William Cameron & Co. v. American Surety Co. of New York

(Tex.Com.App.), 55 S.W.2d 1032; Davis v. Peters (Tex.Civ.App.), 224 S.W.2d 490. Appellees make no claim the attorney's fees are recoverable under Article 2226, Vernon's Ann.Civ.St. In the absence of a contractual right to attorney's fees, we therefore conclude such expenses of litigation are not recoverable.

All points of error not specifically passed upon have been considered, and we are of the opinion they present no reversible error. For the reasons stated the portion of the judgment of the trial court granting appellees $986.18 damages is reversed and rendered that appellees take nothing by way of damages. That portion of the judgment denying appellant the relief sought is affirmed.

The judgment of the trial court is affirmed in part and reversed and rendered in part.