NO. 07-06-0208-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 30, 2008
_____

DANNY VAUGHAN AND KATHLEEN VAUGHAN,

Appellants

v.

ROSS PHILLIPS d/b/a READY-BUILT HOMES AND
ON-SITE CONSTRUCTION,

Appellee
_____

FROM THE 110TH DISTRICT COURT OF BRISCOE COUNTY;

NO. 3100; HON. JOHN R. HOLLUMS, PRESIDING
_____

Before QUINN, CJ. and CAMPBELL and PIRTLE, JJ.

**CONCURRING OPINION**

Concurring in the result reached by the majority, I write to clarify what I perceive to be a misconception by the parties concerning the "costs of completion" as it relates to the remedies to which they may have shown, or on remand might show, themselves entitled to receive.

*Vaughan's Appeal - Issue Two*

The Vaughans contend the trial court erred in denying them attorney's fees because they were effectively awarded damages when the trial court found that the "costs of completion" should be deducted from the contract price in determining the amount owed to Phillips under the contract. It is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract, and the breach is not otherwise excused, the other party is discharged or excused from further performance. *Mustang Pipeline Co., Inc. v. Driver Pipeline Co., Inc.,* 134 S.W.3d 195, 196 (Tex. 2004). The jury found the Vaughans breached their contract with Phillips, the breach was material, and the breach was unexcused. Based upon those findings, the Vaughans were not entitled to a recovery upon their contract claim. Having failed to prevail on that claim, the Vaughans simply are not entitled to recovery of attorney's fees under § 38.001 of the Texas Civil Practices & Remedies Code. What the trial court did or did not do in determining the remedy to which Phillips was entitled has nothing to do with the Vaughans' right to recover attorney's fees. As stated by the majority, the fact that the trial court did not grant Phillips recovery of damages does not equate to the trial court granting them a recovery pursuant to their contract claim. I agree with the majority opinion finding that Vaughan's issue two should be overruled.

2

*Phillips's Appeal - Issue One*

My real concern comes with the submission of Question 4 and my perception that the parties consider Vaughan's "cost of completion," reasonable or otherwise, as having anything to do with the remedy to which Phillips may be entitled. In a suit for breach of contract after partial performance, the party who has partially performed the contract is entitled to recover an amount that would place the party in a position equivalent to that which he would have occupied if the contract had been fully performed. *Mays v. Witt,* 387 S.W.2d 688 (Tex.App.–Amarillo 1965, no writ). The typical measure of damages in such a situation is the "benefit-of-the-bargain" or expectancy measure, by which the recovery would be calculated by subtracting the value received by the non-breaching party (both actual and incidental) from the value the party expected to receive when the contract was made. *Arthur Anderson & Co. v. Perry Equipment Co.,* 945 S.W.2d 812, 817 (Tex. 1997). Assuming that on remand the jury finds the Vaughans breached the contract, Phillips would be entitled to receive the contract price (the value Phillips expected to receive), less the sum of (1) any amounts already paid and (2) any expenses that Phillips will not have to incur as a result of being excused from further performance (the value Phillips actually received). Phillips's cost of completing the construction project is not the same thing as Vaughan's cost of completion because Vaughan's "cost of completion" would necessarily include a reasonable profit, including a reasonable return on investment to the completing contractor. To assume that Vaughan's cost of completion is equivalent to Phillips's cost of completion is to deny Phillips the benefit of their original bargain.

3

To the extent that the parties might construe this Court's opinion as agreeing with the measure of damages as presented by the submission of Question 4, they would be incorrect. With that clarification, I join the majority.


Patrick A. Pirtle
Justice