NO. 07-06-0208-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 30, 2008
______________________________

DANNY VAUGHAN AND KATHLEEN VAUGHAN, 

                                                                                                 Appellants

v.

ROSS PHILLIPS d/b/a READY-BUILT HOMES AND 
                                              ON-SITE CONSTRUCTION, 

                                                                                                 Appellee
_________________________________

FROM THE 110TH DISTRICT COURT OF BRISCOE COUNTY;

NO. 3100; HON. JOHN R. HOLLUMS, PRESIDING 
________________________________


Before QUINN, CJ. and CAMPBELL and PIRTLE, JJ.

CONCURRING OPINION
  

          Concurring in the result reached by the majority, I write to clarify what I perceive to
be a misconception by the parties concerning the “costs of completion” as it relates to the
remedies to which they may have shown, or on remand might show, themselves entitled
to receive.
Vaughan’s Appeal - Issue Two
          The Vaughans contend the trial court erred in denying them attorney’s fees because
they were effectively awarded damages when the trial court found that the “costs of
completion” should be deducted from the contract price in determining the amount owed
to Phillips under the contract. It is a fundamental principle of contract law that when one
party to a contract commits a material breach of that contract, and the breach is not
otherwise excused, the other party is discharged or excused from further performance. 
Mustang Pipeline Co., Inc. v. Driver Pipeline Co., Inc., 134 S.W.3d 195, 196 (Tex. 2004). 
The jury found the Vaughans breached their contract with Phillips, the breach was material,
and the breach was unexcused. Based upon those findings, the Vaughans were not
entitled to a recovery upon their contract claim. Having failed to prevail on that claim, the
Vaughans simply are not entitled to recovery of attorney’s fees under § 38.001 of the
Texas Civil Practices & Remedies Code. What the trial court did or did not do in
determining the remedy to which Phillips was entitled has nothing to do with the Vaughans’
right to recover attorney’s fees. As stated by the majority, the fact that the trial court did
not grant Phillips recovery of damages does not equate to the trial court granting them a
recovery pursuant to their contract claim. I agree with the majority opinion finding that
Vaughan’s issue two should be overruled.
 

Phillips’s Appeal - Issue One
          My real concern comes with the submission of Question 4 and my perception that
the parties consider Vaughan’s “cost of completion,” reasonable or otherwise, as having 
anything to do with the remedy to which Phillips may be entitled. In a suit for breach of
contract after partial performance, the party who has partially performed the contract is
entitled to recover an amount that would place the party in a position equivalent to that
which he would have occupied if the contract had been fully performed. Mays v. Witt, 387
S.W.2d 688 (Tex.App.–Amarillo 1965, no writ). The typical measure of damages in such
a situation is the “benefit-of-the-bargain” or expectancy measure, by which the recovery
would be calculated by subtracting the value received by the non-breaching party (both
actual and incidental) from the value the party expected to receive when the contract was
made. Arthur Anderson & Co. v. Perry Equipment Co., 945 S.W.2d 812, 817 (Tex. 1997). 
Assuming that on remand the jury finds the Vaughans breached the contract, Phillips would
be entitled to receive the contract price (the value Phillips expected to receive), less the
sum of (1) any amounts already paid and (2) any expenses that Phillips will not have to
incur as a result of being excused from further performance (the value Phillips actually
received). Phillips’s cost of completing the construction project is not the same thing as
Vaughan’s cost of completion because Vaughan’s “cost of completion” would necessarily
include a reasonable profit, including a reasonable return on investment to the completing
contractor. To assume that Vaughan’s cost of completion is equivalent to Phillips’s cost
of completion is to deny Phillips the benefit of their original bargain.
          To the extent that the parties might construe this Court’s opinion as agreeing with
the measure of damages as presented by the submission of Question 4, they would be
incorrect. With that clarification, I join the majority.
 
                                                                           Patrick A. Pirtle

                                                                                 Justice